**172**     SUPREME COURT OF GEORGIA.

The Georgia Chemical, etc., Company vs. Colquitt et al.

THE GEORGIA CHEMICAL, etc., COMPANY vs. COLQUITT et al.

If a public nuisance causes special damage to an individual, in which the public do not participate, such special damage gives a right of action; and as an action may be brought for every day the nuisance continues, equity, which abhors a multiplicity of suits, will entertain jurisdiction, so as to do full and complete justice between the parties and terminate the litigation.

February 2, 1884.

Nuisance. Damages. Injunction. Equity. Before Judge HAMMOND. Fulton Superior Court. October Term, 1882.

Reported in the decision.

JULIUS L. BROWN; ABBOTT & GRAY, for plaintiff in error.

CANDLER & THOMSON; B. H. HILL, for defendant.

BLANDFORD, Justice.

The question here is, can a court of equity restrain a public nuisance which causes special damage to individuals?

The bill alleges that plaintiffs in error are engaged in manufacturing sulphuric acid near their residences and families; that it causes their shade, ornamental trees and shrubbery to die; causes sickness, coughs, etc., in and among their families and children; it emits the most poisonous and noxious vapors, etc.

If a public nuisance causes special damage to an individual, in which the public do not participate, such special damage gives a right of action. Code, §2998. The action may be brought for every day the nuisance continues; equity, abhorring a multiplicity of suits, will entertain jurisdiction, so as to do full and complete justice between the parties, and prevent a multiplicity of suits, thus ending litigation and contention. But this is not an open ques-

tion in this court. See *Norwood vs. Dickey*, 18 *Ga.*, 528; *Minor et al. vs. De Vaughn*, decided at the present term of this court.

There is equity in the bill filed by defendants in error, and the decree of the court below overruling the demurrer thereto is right, and the same is affirmed.

Judgment affirmed.