## MANNING v. WEBB.

1. The testimony of the plaintiff, offered as a non-expert witness, to the effect that the continuance of the alleged nuisance arising from the discharge of sewage and the pollution of a stream near his house was calculated to injure the health of himself and family, based on facts previously stated by him, was not subject to the objection that the witness had not given enough facts to authorize him to state his opinion.

2. The refusal by the trial court to permit a witness called by the party examining him to answer a question will not be cause for the grant of a new trial, where it does not appear what answer the witness was expected to give or would have given to the question propounded.

3. Evidence that a third party had built a barn in the rear of his house near the branch alleged to have been polluted by the sewer complained of as a nuisance was irrelevant and should have been excluded, such third party not having testified in the case.

4. Under the facts and pleadings in the case, it was competent to show by a witness, who was a tenant of the plaintiff and occupied lands affected by the alleged nuisance, that if the same continued he would be compelled to move from the premises because of the nature of the nuisance and the effect which it had and would have on the health of his family.

(a) It was further competent to show that the tenant just referred to advised his landlord, the plaintiff in the court below, that in the event the sewer was continued he would be compelled to vacate the premises which he was then occupying as a tenant.

5. It was material in this case to inquire into the question of the solvency or insolvency of the defendant; and it was error for the court to exclude the original execution against the defendant, which issued from the superior court of the county in which this case was being tried, and which counsel for plaintiff had obtained from the clerk of the court, who voluntarily turned it over to him; and the fact that the fi. fa. referred to had not been brought into court by a notice to produce or a subpoena duces tecum was not a valid ground for excluding it.

6. There was some evidence in this case from which the jury would have been authorized to find that the continued use of the sewer complained of would constitute a continuing nuisance, which, if not enjoined, would result in the infliction of injuries upon the plaintiff, irreparable in their character and for which he could not be adequately compensated in pecuniary damages; and the court should not have granted a nonsuit upon the conclusion of the plaintiff's testimony, but should have submitted the case, under an appropriate charge, to the jury.

SEPTEMBER 26, 1911.

Equitable petition. Before Judge Morris. Milton superior court. March 8, 1910.

G. B. Walker and Gober & Griffin, for plaintiff.

J. P. Brooke and Mozley & Moss, for defendant.

BECK, J. T. H. Manning filed an equitable petition against R. J. Webb. seeking to enjoin the defendant from constructing a

56

sewerage system in the town of Alpharetta in connection with a hotel lately erected by the defendant, alleging that the sewage from said hotel would be emptied into a certain tan-yard branch, along and near to which petitioner owned a large tract of land, and near to which were petitioner's dwelling and those of two of his tenants. He alleged, that the stream referred to would become so contaminated as to render it unfit for the use of cattle and stock, and hence destroy his adjacent lands for pasturage purposes; likewise that a small spring within a few feet of said branch, used by his tenants for drinking purposes, would become contaminated and destroyed for such use; that his health and that of his family and his tenants would be seriously endangered on account of the stench which would arise from the branch, if the proposed sewerage system were permitted to be constructed; that the branch into which it was proposed to empty the sewage from the hotel is weak and does not flow sufficient water to prevent an accumulation of filth therein, especially in dry weather; that he would suffer a loss in the rents and profits from his lands and houses; that the defendant is insolvent; and that the damage and injury to petitioner would be irreparable. By way of amendment he alleged, that the defendant had completed the construction of the sewerage system, that the same emitted vapors and noxious gases injurious to the health of petitioner and his family, and that the stench and effluvia were so offensive as to render his home undesirable. Upon the trial, at the conclusion of the evidence offered by the plaintiff, the court granted a nonsuit. The plaintiff excepted.

1. Counsel for the plaintiff propounded the following question to him when he was on the witness stand: "Now, from having seen all this and having experienced a year and a half of the operation of this sewer, and from having noticed particularly the conditions down there, I will get you to state as a non-expert whether or not it is calculated to injure the health of you and of your family." It is alleged that the witness would have answered this question in the affirmative. Counsel for defendant objected to the question, on the ground that the plaintiff had not given enough facts to answer the question. The witness had previously stated: "The point of discharge of the sewer is, I guess, 250 yards from my home. . . As to the character of the stream [the stream into which the sewer emptied], it is weak. At this season of the

year, it flows a right smart of water, but in the summer time I have seen it dry up. In the summer and fall the stream is very weak. Along this last fall it was pretty dry, and you get in the branch and the pasture old green stuff just all over it within fifty or sixty yards of the discharge. At the spring, during the seasons I have referred to, there is a stench, and along that branch since this sewer was put in there is an accumulation of filth. It is discharged in a liquid form, and on the edges of the stream there is a green scum, on the edges and along the banks. . _ . As to the conditions as to the discharge of this sewer and as to whether or not there is an almost continual flow of the liquid matter from the sewer, I will say that I have never been along there but what it was running. I have been along there, and from this sewer there was running a stream, and that stream goes into the tan-yard branch, and in dry weather it smells pretty bad. The effect of it on my home is that at times I have smelled it—a half dozen times or more. This last year was very favorable on it—give it two weeks dry weather and you can smell it when it is dry, and in the summer and fall, when the branches dry up, the conditions are pretty bad. There is a scent and green along the banks of the branch, and sides of the spring are as green as poison." Having so testified, we think the witness should have been permitted to state whether or not, in his opinion, the continued maintenance of the sewer would injuriously affect the health of himself and his family. The question involved was one of opinion, and in regard to such matters a non-expert witness may state the facts upon which he bases it, and then state to the jury his opinion thus founded. "Where it is sought to have a non-expert witness give his opinion formed from facts or observation, the proper practice is to let the witness testify to the facts and then state to the jury his opinion based upon those facts." Credillé v. Credille, 131 Ga. 42 (61 S. E. 1042); Georgia Southern &c. Railway Co. v. Walker, 5 Ga. App. 155 (62 S. E. 720). We think that in formulating the question, the answer to which was rejected, in view of the testimony of the witness immediately preceding the question which was held to be objectionable, there was a substantial conformity to the practice indicated as being the correct practice in the case just referred to.

2. Exception is taken to the ruling of the court refusing to permit the plaintiff to answer the following question which was pro-

pounded to him by his counsel: "I will get you to state whether or not, from having the experience and all of a year and a half of the discharge down there, and from having inhaled the gases and effluvia down there, the maintenance of that sewer is calculated to injure the health of you and the people living in the vicinity of that stream and of your tenants?" It is not shown what answer the witness thus interrogated was expected to give or would have given to this question. And, as this court has frequently ruled, before the refusal by the trial court to permit the propounding of a question to a witness called by the party examining him can be held to constitute reversible error, it must be made to appear what answer was expected from the witness.

3. Evidence that a person living in the neighborhood had built a barn in the rear of his house near the branch alleged to have been polluted by the sewer complained of as a nuisance was irrelevant and should have been excluded; such person not having testified in the case.

4. One of the grounds of complaint in the petition being that on account of the character of the sewer, the maintenance of which the plaintiff sought to enjoin, the plaintiff would suffer a loss in rents and profits of certain lands occupied by tenants in case the sewer were maintained, it was competent to show by one of the tenants of plaintiff, then occupying a portion of land alleged to be affected by the sewer and the pollution of the stream into which the sewer emptied, that "on account of the stench, effluvia, and noxious gases emanating from the sewer," and the effect which such conditions would have upon the health of his family, he would be forced to move. It was further competent to show that the tenant just referred to advised his landlord, the plaintiff in the court below, that in the event the sewer was continued, he would be compelled to vacate the premises which he was then occupying as tenant.

5. The fi. fa. referred to in the 5th headnote was relevant and material upon the question of the solvency or insolvency of the defendant.

Other than as indicated above, no error is shown in the rulings of the court on the question of the admissibility of evidence.

6. We are of the opinion that the court erred in granting a nonsuit in this case. The evidence was sufficient to make out a prima facie case for submission to the jury. See, in this connection,

*Farley* v. *Gate City Gas Light Co.,* 105 Ga. 337 (31 S. E. 193) ;
*Georgia Chemical Co.* v. *Colquitt,* 72 Ga. 172.

'        *Judgment reversed. All the Justices concur.*