## HARRIS *vs.* THE STATE OF GEORGIA.

1. In an indictment for malicious mischief in injuring or destroying property, under section 4627 of the Code, it is sufficient to allege that property has been destroyed by defendant and to describe the property and name the owners of it. It is unnecessary to allege or prove the amount of damage or injury to the owner of the property.

2. If a man and his wife and tenant, to whom certain planted crops belonged, had leave to cultivate the land forming a part of the right of way of a railroad from the authorities of the road, and did so, the crop was theirs; and if another, though acting under leave of the same authorities to open a road on the right of way, used it maliciously to destroy the crops, he would be guilty of malicious mischief; *aliter*, if he acted in good faith to open the road, and without malice or spite.

(*a.*) There was sufficient evidence of malice in this case to sustain a verdict of guilty.

(*b.*) There was no evidence showing legal authority from the county to open the road, nor that the defendant was an overseer of roads for the place where this road was opened; if he were, he could not use his office to gratify malice and ill will toward others.

March 18, 1884.

Criminal Law. Malicious Mischief. Before Judge BRANHAM. Henry Superior Court. April Term, 1883.

Reported in the decision.

M. V. McKIBBEN; T. B. CABANISS, by HARRISON & PEEPLES, for plaintiff in error.

E. WOMACK, solicitor general, for the state.

JACKSON, Chief Justice.

The defendant was indicted for maliciously destroying the crops of corn and wheat of certain persons named in the indictment, under section 4627 of the Code. Having been found guilty, he moved for a new trial; it was denied him, and he brought the case here for review by this court.

Two grounds for the motion are insisted on here, the first and third, the second being abandoned.

1. The first is that the indictment failed "to allege any damage or injury to the persons owning the crops defendant is charged with having maliciously destroyed," and that the court erred in not quashing the same. The section, on which the solicitor general bases the accusation, is that "all other acts of wilful and malicious mischief, in the injuring or destroying any other public or private property, not herein enumerated, shall be punished," etc. This is a charge of wilfully and maliciously destroying the corn and wheat crops owned by the persons named, and is in the language of the section, and therefore sufficient, under section 4628 of the Code, which enacts that it shall be sufficient if set out "in the terms and language of the Code, or so plainly that the nature of the offense charged may be easily understood by the jury." This is both in the terms and language of the Code, and can be easily understood by any jury. It is neither necessary to set out nor to prove the amount of damage or injury. Much malicious mischief is done where damage to the persons injured is incapable of allegation and proof. It is certainly enough to say that property is destroyed, and to describe the property and name the owner or owners of it.

2. The other ground is that the verdict is contrary to the evidence and the law of the case.

The facts substantially are that there was bad feeling

between the defendant and prosecutor; that prosecutor had corn planted, as well as wheat sown, on lands of his own and his wife, including the right of way of the railroad up to the road-bed; that prosecutor had conveyed the right of way, but his wife had not; that he claimed, and so testified, that he had leave of the railroad authorities to plant to the road-bed, and that the defendant on trial, and others also indicted, laid off a road within the right of way and plowed up the crops so planted and sowed for a considerable distance along the railroad. The defendant contended that he had authority of law from the railroad authorities and the commissioners of roads in the county to open the road, and the evidence on the point whether he had it or not from the company, and whether the prosecutor had the right to cultivate the right of way or not, was conflicting. There was no legal authority from the county authorities to open the road in evidence.

On this state of facts, the court instructed the jury to the effect that, if the prosecutor and his wife and tenant, to whom the crops belonged, had leave to cultivate the land by the railroad authorities, the crop was theirs, and if the defendant, though acting under leave of the same authorities to open a road on the right of way, used it maliciously to destroy the crops, then he would be guilty; but if he acted in good faith, to open a road under that authority, and without malice or spite towards those who had the crops so planted, or either of them, then he would not be guilty.

We think that this charge is as fair and favorable to the defendant as the facts warranted, and that there is sufficient evidence to sustain the verdict of guilty on the issue thereby submitted to the jury.

There was no legal authority in evidence from the county for opening this road. The authority from the company was a note addressed by an official, probably the right man, to Smith *et al.*, to open a road, but to guard the rights of Glass, the prosecutor and owner of the crops; no no-

tice was given to him, defendant had bad feeling towards him, and if *et al.* embraced him, yet these facts are sufficient to authorize a verdict that he acted in malice. True, he claims to be an overseer of the road near there, but his authority did not extend to this place, so far as this record exhibits the facts; and if it did, he could not use it to gratify private malice and ill will towards others.

Whilst, as others are indicted and may be tried for the same offense, we express no opinion upon what ought to be the verdict of the jury, yet we must follow inflexibly the well settled rule so often laid down, that, on issues of fact, the jury and presiding judge will not be controlled by this court where there is sufficient evidence to sustain their action, however that evidence may conflict with that on the other side. The credibility and weight of it are for the jury, and the judge who presides alone has the discretion in conflicts of the sort to grant or refuse a new trial. There is no abuse of that discretion in this case.

Judgment affirmed.