## Dunn *et al.* v. Evans *et al.*

Atkinson, J. 1. In an action to set aside an alleged deed, on the ground that the grantor at the time of executing the instrument was without sufficient mental capacity to make a deed, and on the further ground that the grantor was induced to execute the instrument by fraud and undue influence, it was not error, while instructing the jury on the subject of mental capacity to make a deed, for the court to charge: (*a*) "I charge you that it does not require a high degree of mental power to make a deed. One who has sufficient mental ability to comprehend what he or she is doing, and to understand the nature of the act, and the consequences of the act, has the capacity to make a deed." (*b*) "If you believe Mrs. Patillo had mental capacity sufficient to comprehend what she was doing, and to understand the nature of her act, and the consequences of her act, then, gentlemen, I charge you to find that she was a sane person and was capable of making the deed, and on that issue find against the plaintiffs." *DeNieff* v. *Howell,* 138 *Ga.* 248 (75 S. E. 202). Other portions of the charge, unexcepted to, dealt with the subject of fraud and undue influence.

2. The deed was executed by a mother in favor of her daughter, and contained no recital as to consideration other than "this is a deed of gift." Under such circumstances it was not error to charge: "I charge you, gentlemen of the jury, that you can not set aside this deed for want of consideration; for a deed of gift from the mother to the daughter would be based upon a good consideration, and the deed would be good whether

there was any money consideration or not; provided you believe that she had the capacity to make the alleged deed and that it was her free and voluntary act."

3. A ground of a motion for new trial, complaining of a ruling of the judge in admitting testimony in evidence, is insufficient which fails to set forth the objection urged thereto and to show that it was made at the time the evidence was offered. *Hill* v. *Chastain,* 138 *Ga.* 750 (75 S. E. 1130). Relative to some of the testimony set forth in the eighth amended ground of the motion for new trial, there was a statement that it was objected to at the time it was offered, on the ground that it stated the substance of conversations and transactions with deceased persons; but so much of the evidence as was so objected to was not of the character complained of. Relative to the remainder of the testimony set forth in the eighth amended ground, and all of the testimony set forth in the seventh and ninth grounds, there was no statement as to what ground of objection was urged to it.

4. The evidence was sufficient to support the verdict, and the discretion of the trial judge in refusing a new trial will not be disturbed.

*Judgment affirmed. All the Justices concur.*
APRIL 18, 1913.

Equitable petition. Before Judge Daniel. Henry superior court. July 13, 1912.

*Brown & Brown* and *Napier, Wright & Cox,* for plaintiffs.
*E. M. Smith* and *E. J. Reagan,* for defendants.