## CENTRAL OF GEORGIA RAILWAY COMPANY v. JAMES.

ATKINSON, J.  1. Under the ruling of this court when the case was here on a former occasion, the question as to the ability of the child to render services of value was for decision by the jury. The trial judge properly excluded testimony stating the opinion of certain witnesses, to the effect that a child of similar age, and mental and physical development, to the plaintiff's child was incapable of rendering services of value.

(*a*) The testimony referred to in the preceding note was introduced by the defendant without objection, and the opposing counsel proceeded to cross-examine the witnesses relatively to the matter, and did not move to exclude the evidence until after the conclusion of all the evidence. *Held,* that the exclusion of the evidence on the motion of the plaintiff's counsel at the close of the evidence furnished no cause for the grant of a new trial on account of the conduct of counsel for the plaintiff in cross-examining the witnesses and in failing to object to the admissibility of the evidence at the time it was offered.

(*b*) Nor did the ruling afford the defendant cause for new trial on the ground that it was delivered in indefinite language and was confusing as to what evidence was excluded.

2. Certain grounds of the motion for new trial complain of rulings admitting evidence over the objection of defendant's counsel. Another complained of a ruling in which the judge refused to exclude evidence on motion of counsel for defendant. In neither instance was it stated affirmatively that the ground of objection alleged in the motion for new trial was stated to the judge and urged against the admission of the evidence at the time of the ruling complained of. Owing to this omission, the assignments of error based upon such grounds of the motion for new trial present no question for decision. *McFarland* v. *Darien and Western Railroad Co.,* 127 *Ga.* 97 (56 S. E. 74) ; *Chambers* v. *State,* 141 *Ga.* 652 (81 S. E. 880) ; *Dunn* v. *Evans,* 139 *Ga.* 741 (78 S. E. 122).

3. If the child was capable of rendering services of value at the time of the homicide, the plaintiff could maintain an action for loss of its services

48

during the remainder of its minority. *James* v. *Central of Georgia Railway Co.*, 138 *Ga.* 415 (75 S. E. 431, 41 L. R. A. (N. S.) 795, 29 Ann. Cas. (1913D) 468). Having the right to sue, the jury might also take into consideration the probable future increase of earning capacity of the child. Clark *v.* Tulare Lake Dredging Co., 14 Cal. App. 414 (112 Pac. 564); *Betts Co.* v. *Hancock*, 139 *Ga.* 198-208 (77 S. E. 77). Therefore a mere comparison of the value of the services of the child, at the time of the homicide, with the cost of supporting it at that time, and striking a balance, would not be a test of the amount of the damages to the plaintiff.

(*a*) While instructing the jury in the first part of the charge as to the right of the plaintiff to maintain an action for the loss of services of the child, after instructing them in effect that unless the child, at the time of the homicide, was capable of rendering services of value, the plaintiff could not recover for such services, it was not erroneous to charge, in connection therewith, that the jury need not consider whether, at the time of the homicide, the cost of supporting the child "was equal to or greater than the pecuniary value of the services rendered."

4. In the latter part of the charge, while giving rules for determining the amount of recovery in the event the jury should determine that the plaintiff was entitled to recover anything for the loss of the services of the child, the judge charged, among other things, that they should take into consideration "what would be the expense of the father for the maintenance, protection, and education of the child." *Held*, that this charge was beneficial to the defendant, and, when considered in connection with the entire charge and its context, afforded the defendant no cause for a new trial on the ground that it was confusing to the jury and contradictory to that part of the charge alluded to in the preceding note.

5. The request to charge, "that unless it is shown by the evidence what is the age and probable expectancy as to the life of the plaintiff, that is, that he would probably live the period of the child's minority, then the plaintiff can not recover," was not properly adjusted to the pleadings and evidence, for at least the following reasons: The suit was to recover for the loss of services of the child during minority, and also for designated burial expenses, concerning which there was evidence to support the allegations of the petition. The language of the request tended to exclude from the consideration of the jury the element of damages relating to burial expense. Also, if it otherwise stated a correct principle of law, the request omitted to make any allowance for recovery of loss during the expectancy of life of the father in the event it should be less than the remaining part of the child's minority.

(*a*) As the request to charge was properly refused on the grounds above indicated, the question whether in any case the expectancy of the life of the father should be taken into consideration by the jury in determining the value of the services of the child will not be decided.

6. Other requests to charge, in so far as they might have contained correct principles of law applicable to the case, were covered by the general charge.

7. Under the principle ruled when this case was before the Supreme Court on demurrer (*James* v. *Central of Georgia Railway Co.*, supra), the evi-

dence was sufficient to authorize a verdict for the plaintiff. The amount of the verdict was not excessive, and the discretion of the trial judge in refusing a new trial will not be disturbed.

*Judgment affirmed. All the Justices concur.*

LUMPKIN, J., concurring specially. Under the special facts of this case, I concur in the judgment; but I do not concur in all that is said by the majority of the court, especially in headnotes 1 and (*a*). The suit was brought to recover damages for the loss of the services of a child, who was nearly three years old when killed, from that time until it would have arrived at majority. The capacity of the child to perform services, and the value of its services, involved a question of opinion. While the question was as to the services of a particular child, yet, where there was evidence to the effect that the child was one of average development mentally and physically, persons qualified to do so could give an opinion as to the ability to perform services by a child of a similar age and mental and physical development, and the value of such services. In the present case the witnesses whose testimony was ruled out probably did not lay a sufficient foundation for giving the testimony excluded. I am not prepared to say that the facts disclosed in the record require a reversal, and I accordingly concur in the judgment specially.

FISH, C. J., and BECK, J. We concur in the judgment of affirmance, being bound by the ruling in the same case, when it was here before, to the effect that the question as to the ability of the child, alleged to have been killed, to render services of value was for decision by the jury.

JULY 21, 1915.

Action for damages. Before Judge Freeman. Meriwether superior court. May 20, 1914.

*Battle & Hollis* and *McLaughlin & Jones,* for plaintiff in error. *Lawton Nalley* and *N. F. Culpepper,* contra.