## 9141. LUNSFORD v. THE STATE.

BROYLES, P. J.   1.   The defendant was charged with malicious mischief, to wit, the cutting of and destroying a certain wire fence, the property of and on the land of the prosecutor.   Upon the trial there was evidence showing that the fence and the land, at the time of the alleged commission of the offense, were in the actual lawful possession of the prosecutor.  Under the ruling in *Castleberry* v. *State*, 62 *Ga.* 442, and *Grant* v. *State*, 120 *Ga.* 199 (47 S. E. 524), this evidence was sufficient to establish the prosecutor's ownership of the property.  See also, to the same effect, *Markham* v. *State*, 25 *Ga.* 52, and *Hall* v. *State*, 7 *Ga. App.* 115 (3) (66 S. E. 390).  It is true that there was evidence showing that the defendant had an equity in the property and that he was in control and possession of it, but this issue of fact was finally determined by the jury in favor of the State.

2.  The first four grounds of the amendment to the motion for a new trial are merely amplifications of the general grounds that the verdict is contrary to the law and the evidence.

3.  The fifth ground of the amendment to the motion for a new trial, complaining of improper argument by counsel for the State, can not be considered by this court, as the trial judge appends thereto the following note:  "Counsel for defendant made no objection to or motion with reference to this argument at the time it was made."

4.  The verdict was authorized by the evidence, and the court did not err in refusing to grant a new trial.

> *Judgment affirmed. Bloodworth and Harwell, JJ., concur.*
> DECIDED OCTOBER 30, 1917.

Indictment for malicious mischief; from Worth superior court—Judge Eve.   July 28, 1917.

*J. J. Forehand,* for plaintiff in error.

*R. S. Foy, solicitor-general, J. H. Tipton,* contra.