EDENFIELD, executor, *v.* BRINSON, administrator.

FISH, C. J. Mrs. N. A. Dickerson brought ejectment against John Edenfield Jr., executor of the will of John Edenfield Sr. After the filing of the suit, the plaintiff died, and W. A. Brinson was appointed administrator upon her estate; and was made a party plaintiff in the action. The description of the property in the deed alleged to have been executed by the defendant's testator to the plaintiff's intestate, and upon which the plaintiff relied for recovery, was as follows: "A certain tract of land lying in 58th district G. M. of said county [Emanuel] containing one hundred and fifty (150) acres [and not an indefinite number of acres, expressed by the words, "more or less"]. Bounded as follows: east by the Oliver Mill branch; south by lands of John Edenfield Jr.; west by the Bare Bay; north by lands of the said John Edenfield Sr. [grantor]. Said lands to be cut from the place whereon I now reside." *Held,* that the deed was not void on its face for uncertainty or insufficiency of description, and, in view of the extrinsic evidence which applied the description to the subject-matter, there was no error in admitting the deed in evidence.

2. Where the alleged maker of an unrecorded deed, who signed by his mark, and the two subscribing witnesses to the instrument are dead, proof that the signatures of the two latter upon the instrument are in their genuine handwriting is evidence of the fact of execution; and the charge

of the court, which in effect instructed the jury that such proof was prima facie evidence of the fact of the execution of the deed, was not contrary to law. Civil Code, § 5834; *McVicker* v. *Conkle*, 96 *Ga.* 584 (24 S. E. 23).

3. Where newly discovered evidence' is relied upon as a ground for a new trial, and it appears from an examination of the approved brief of evidence that the alleged newly discovered evidence was cumulative and impeaching in character, and, from a counter-showing made, that the evidence is conflicting as to the truth of some of the facts claimed to be newly discovered, the reviewing court will not interfere with the discretion of the court below in refusing a new trial upon such ground. Civil Code, §§ 6085-6086; *Atlanta Consolidated Street Railway Co.* v. *McIntire*, 103 *Ga.* 568 (29 S. E. 766).

4. Mrs. N. A. Dickerson died intestate. Her husband, one of her heirs at law, was a subscribing witness to the deed under which the plaintiff administrator claimed. The husband was permitted to testify that he signed the deed as a subscribing witness. The admission of this evidence is assigned as error in one ground of the motion for new trial. *Held*, that the assignment is insufficient. "To make an objection to evidence available in the reviewing court, it must appear that objection was made and upon what grounds it was made in the trial court." *Donaldson* v. *Chance*, 144 *Ga.* 469 (87 S. E. 395). It is not sufficient that the evidence was admitted over objection; nor that certain grounds of objection are contained in the amended motion for new trial. *Central of Georgia Railway Co.* v. *James*, 143 *Ga.* 753 (85 S. E. 920), and cases cited.

5. A son and an heir-at-law of the plaintiff's intestate was sworn as a witness for the plaintiff. His evidence was objected to as a whole, upon the ground that, as a party interested in the result of the case, he was incompetent to testify to any transaction had with the defendant's testate. *Held*, that the overruling of the objection to certain testimony of the witness in bulk, some of which was not open to the objection made (conceding, without deciding, that some of it was subject to the objection urged), is not ground for new trial. *M., D. & S. R. Co.* v. *Anchors*, 140 *Ga.* 531 (2), 536 (79 S. E. 153); *Fambrough* v. *DeVane*, 141 *Ga.* 794 (3) (82 S. E. 249); *L. & N. R. Co.* v. *McHan*, 144 *Ga.* 683 (87 S. E. 889).

6. The evidence authorized the verdict, and the assignments of error sufficient to raise any question for decision in this court do not show cause for reversal.      *Judgment affirmed. All the Justices concur.*

No. 1227. SEPTEMBER 23, 1919.

Complaint for land. Before Judge Hardeman. Emanuel superior court. October 7, 1918.

*F. H. Saffold,* for plaintiff in error.

*Williams & Bradley* and *B. T. Rawlings,* contra.