## 11176. BAILEY *v.* HOLMES.

JENKINS, P. J. Assuming, but not deciding, that, under the authority of the ruling made in *Edenfield* v. *Brinson,* 149 *Ga.* 377 (100 S. E. 373), the oral contract for the sale of land, the vendor's alleged breach of which forms the basis of this action, was not void for uncertainty or insufficiency of description, still, under the statute of frauds (Civil Code (1910), § 3222), providing that " to make the following obligations binding on the promisor, the promise must be in writing, signed by the party to be charged therewith or some person by him lawfully authorized, viz.: any contract for sale of lands, or any interest in or concerning them," the alleged oral contract of purchase and sale was void and unenforceable, notwithstanding that the petition shows that the vendee went into possession and made valuable improvements thereunder, since it does not appear that such improvements or any part thereof were made at the cost of the vendee, but on the contrary it is shown by the petition that in the contract of purchase it was "expressly agreed that the money for the improvements necessary to make the place fit for farming should be spent for this purpose before any payments were to be made upon the purchase-price of said land," and that " plaintiff continued in possession of said tract of land for the space of about two years after his agreement with defendant, accounting to no one for rent, nor was any demand made upon him by defendant, or by any one else, for rent or payment; and petitioner invested the entire earnings of said tract of land in making improvements thereon during the time he held the same." Thus, construing the petition against the pleader, it cannot be said that any allegation therein would show that the alleged improvements were made at the vendee's cost; and since mere possession of the premises is not sufficient to relieve the transaction from the operation of the statute, the court did not err in sustaining the demurrer and dismissing the suit.

*Judgment affirmed. Stephens and Smith, JJ., concur.*

DECIDED JULY 19, 1920.

Action for damages; from city court of Sparta—Judge Johnson presiding. November 7, 1919.

*G. L. Dickens, Wiley & Lewis,* for plaintiff.

*Burwell & Fleming,* for defendant.