HAYDEN *v.* THE STATE.

WYATT, Justice. 1. The verdict was amply authorized by the evidence.

2. Grounds 4, 5 and 6 of the motion for a new trial complain of the refusal of the trial judge to exclude testimony. In each of these grounds this statement occurs: "The court erred in permitting the witness for the State, over objection of defendant's counsel, to testify as follows." It does not appear in the motion or elsewhere in the record what objections were offered to the testimony contained in these grounds of the motion. This being true, nothing is presented to this court for decision. *Clifton* v. *State,* 187 *Ga.* 502 (3) (2 S. E. 2d, 102); *Norman* v. *McMillan,* 151 *Ga.* 363 (4) (107 S. E. 325); *Hardy* v. *Hardy,* 149 *Ga.* 371 (3) (100 S. E. 101); *Edenfield* v. *Brinson,* 149 *Ga.* 377 (4) (100 S. E. 373); *Central of Georgia Ry. Co.* v. *James,* 143 *Ga.* 753 (2) (85 S. E. 920).

3. Grounds 7 and 8 of the motion complain because the trial judge did not declare a mistrial, without a motion therefor by counsel for the plaintiff in error, because the "father of the deceased, James Riley, who was sitting with the solicitor-general, suddenly stood up in the courtroom, looking toward defendant's counsel in a menacing manner, with one hand in his pocket as if to draw a weapon." After this occurrence, the judge ordered the sheriff to evict the father from the courtroom, and instructed the jury to disregard the occurrence. Under these circumstances, no error appears from what occurred. See *Hendrix* v. *State,* 173 *Ga.* 419, 420 (160 S. E. 614), and cit.

4. Ground 9 of the motion complains of the following excerpt from the charge of the court: "One cannot create an emergency which renders

12

it necessary for another to defend himself and then take advantage of such effort of such other person to do so;" the contention being that there was *no evidence to authorize the charge on this subject,* and that the charge had the effect of intimating to the jury that the defendant had created an emergency, which he took advantage of in shooting the deceased. The statement of facts following this syllabus opinion shows very clearly that there is no merit in this contention. See, in this connection, *Daniel* v. *State,* 187 *Ga.* 411 (1 S. E. 2d, 6).

*Judgment affirmed. All the Justices concur.*

No. 15062. FEBRUARY 17, 1945.

14

20

*J. C. Knox,* for plaintiff in error.

*T. Grady Head, attorney-general, D. M. Pollock, solicitor-general,* and *Paul H. Field,* contra.