30928. HOWARD *v.* THE STATE.

Decided December 5, 1945.

266

*Fred T. Lanier,* for plaintiff in error.

*John F. Brannen, solicitor,* contra.

MacINTYRE, J. ▪ Special ground 1 is as follows: "During the trial of said case and while the defendant was making his statement, and in explanation of why he removed the fence post in question, the defendant undertook to say 'the reason I moved that post was because it was on my land,' whereupon the solicitor of said city court objected to the defendant making that statement, and the court held that the defendant could not make that statement unless he introduced in evidence his deed; movant contending that said ruling by the court was error for the reason that the court was not trying the question of title to the land, as the city court of Statesboro has no jurisdiction of that question, and that the defendant had a right to state that the post was put up on his property, as a matter of defense, and to show that what he did was done in good faith and not through malice." This court has held that "the right of a defendant in a criminal trial to make to the court and jury such statement as he may deem proper in his defense is not to be governed or restricted by the rules controlling the admissibility of evidence. . . It is error to interrupt a defendant in making his statement, merely because, under the rules of evidence, the statement made by him would be technically objectionable, if the facts stated by him are in fact connected with those facts upon which he bases his defense." *Bradford* v. *State,* 67 *Ga. App.* 462 (supra). The Supreme Court has held that proof of title to property attached to realty, where no possession is shown, can not be made by the oral statement of the prosecuting witness, i. e., that he was the owner of the property injured. Thus a parol statement by a witness that a fence permanently attached to realty was the "property" of a named person should have been excluded on objection. *Holder* v. *State,* 127 *Ga.* 51 (2) (56 S. E. 71); *Bleckley* v. *White,* 98 *Ga.* 594 (25 S. E. 592); *Grant* v. *State,* 120 *Ga.* 200 (47 S. E. 524). Such rule is not applicable to the defendant's statement under the facts of this case. In the instant case it was error to interrupt the defendant and to exclude from the consideration

of the jury that portion of his statement which is set out in this ground, for such facts were confined to the transaction under investigation and were connected with those facts upon which he based his defense.

■ Headnote 2 needs no elaboration.

■ The post in question had not, at the time of its removal from the ground in which the prosecutor had "put" it, become incorporated into a fence so as to make it an integral part thereof. It was as yet only a post, even though it might have been intended to have been later incorporated into a fence (a different entity from that of a mere post). Where the evidence did not show "some material and substantial injury" to the property described in the accusation, it did not support a conviction. The instant case is controlled by the ruling in *Pollet* v. *State,* 115 *Ga.* 234 (41 S. E. 606), that "one who is prosecuted under the provisions of the Penal Code, § 729 [§ 26-8116], which declares that 'All other acts of wilful and malicious mischief, in the injuring or destroying any other public or private property not herein enumerated, shall be misdemeanors,' can not be legally convicted unless the evidence shows that the property described in the indictment or accusation was either destroyed or suffered some material and substantial injury. The mere fact that the accused is guilty of an act which put the owner of the property to expense and annoyance, but which did not destroy or injure the property, does not authorize a conviction under the section above quoted. It follows from the foregoing that one who goes to the wood rack of another, which contains cord word, and wilfully and maliciously throws the same from the rack, but does not injure or destroy the wood, is not guilty of a violation of the Code section above quoted; notwithstanding the act in question was such as to damage the owner of the property, in that he was required to go to the expense and trouble of replacing the wood upon the rack." The ruling in *Woods* v. *State,* 10 *Ga. App.* 476 (supra), where the accused maliciously injured and destroyed a certain plank and board fence on another's farm, "by then and there tearing down said fence and by splitting up and destroying the plank and boards of said fence," is differentiated under the facts of the instant case. Thus the evidence in the case sub judice did not show any material injury to the post, the property described in the accusation, and hence did not authorize the verdict.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*