33886. GILL *v.* THE STATE.

DECIDED MARCH 10, 1952.

*Bobby Lee Cook, Earl B. Self,* for plaintiff in error.

*John W. Davis, Solicitor-General,* contra.

GARDNER, P. J. ■ The defendant was tried and convicted for a violation of the provisions of Code § 26-8116, which is Section 16 of Title 81, "Acts of Malicious Mischief." This section

reads that "All others acts of wilful and malicious mischief, in the injuring or destroying any other public or private property not herein enumerated, shall be misdemeanors."

It is insisted that the evidence did not authorize the jury to find the defendant guilty of malicious mischief, as set out in the above section, that is, of wilfully and maliciously injuring the automobile of Edgar Byars by throwing at it and hitting it with "rocks and other hard objects of like kind."

There was evidence that "rocks, bottles or something" were thrown at and did strike the automobile of Byars. There was positive testimony of a deputy sheriff to the effect that at least one of the rocks, striking the automobile of Byars and denting the metal body of the car, was thrown by the defendant. There being evidence before the jury that Byars' automobile was struck by rocks and other hard missiles, thrown at the same on the occasion in question, and that the defendant participated in the throwing thereof, the verdict finding the defendant guilty under said Code section was not unauthorized under the evidence.

In order for the defendant to have been guilty under the provisions of said Code section, the State was not required to show that the automobile of Edgar Byars was so injured by the missiles striking it as to be materially lessened in value to the damage of the owner, but that it was injured by the rocks. The jury were authorized to find that the glass window of the car was broken and that the body and fenders were dented in various places, and that at least one missile was cast by the defendant which missile did strike the right-hand side of the car and made a dent in the metal body of the car about 8 inches long. This constituted an injury to the car. *Holder* v. *State,* 127 *Ga.* 51 (56 S. E. 71); *Harris* v. *State,* 73 *Ga.* 41. In *Howard* v. *State,* 73 *Ga. App.* 265 (36 S. E. 2d, 161), relied on by the defendant, it appeared that the defendant had merely pulled a fence post out of the ground, wherein it had been placed by the prosecuting witness preparatory to building a fence. This court held that this did not constitute an injury to the property of the witness, and that the defendant could not be prosecuted and convicted under the provisions of Code § 26-8116. In the earlier decision of *Pollet* v. *State,* 115 *Ga.* 234 (41 S. E. 606), also relied on by this defendant, it appeared that the defendant

was convicted under this Code section, and the prosecuting witness had some cord wood stacked or racked and that the defendant had thrown the wood from the stack to the earth. The Supreme Court held that the defendant did not thereby injure the cord wood of the witness and set the conviction aside.

■ The two special grounds of the motion for a new trial complain of this excerpt from the court's charge: "Unless you should find the defendant did throw a rock and that rock caused some injury to the property as alleged in this accusation, that you would be authorized and it would be your duty to acquit the defendant; if, however, on the other hand, you find that he did throw a rock, finding it beyond a reasonable doubt, and that that throwing of the rock struck the property as alleged and did injure the property as alleged, and finding it beyond a reasonable doubt, then it would be your duty to convict." The special ground, assigning error on this excerpt is incomplete and need not be considered. See *Blakeney* v. *Bank of Hahira*, 176 *Ga.* 190 (167 S. E. 114); *Statham* v. *Council*, 190 *Ga.* 517 (9 S. E. 2d, 768); *H. G. Hastings Co.* v. *Southern Natural Gas Corp.*, 45 *Ga. App.* 774 (166 S. E. 56); *Dunn* v. *Evans*, 139 *Ga.* 741 (78 S. E. 122); *Elliott* v. *Ga. Power Co.*, 58 *Ga. App.* 151 (197 S. E. 914).

However, in the second and other special ground this same excerpt is assigned as error because misleading in that it led the jury to believe that the defendant could be found guilty, as charged in the accusation, even though the defendant did not wilfully and maliciously throw the rock, because the charge was incorrect and confusing in that it led the jury to believe that it was not necessary for the jury to find that the rock was thrown wilfully and maliciously, and because the charge was not a correct statement of the offense set out in Code § 26-8116 in that the court did not charge that the jury must find that the act was done wilfully and maliciously, which were essential ingredients of said offense. This special ground shows no error. In determining whether a given excerpt from the court's charge is error because not complete in itself and therefore confusing and misleading to the jury, reference is to be had to the charge of the court as a whole, to its tenor and effect, and particularly to the context thereof. Here the court had specifically informed the jury that the accusation charged that the defendant "did wilfully

and maliciously injure . . the automobile of Edgar Byars by throwing rocks" and "other hard objects of like kind" and hitting the same therewith. The court further charged the jury that the defendant was charged with a misdemeanor and that "any person who shall wilfully and maliciously injure or destroy any public or private property shall be guilty of a misdemeanor," and that "a crime or misdemeanor shall consist of a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention or criminal negligence" and "intention may be manifested by the circumstances connécted with the perpetration of the offense, and the sound mind and discretion of the person accused," and in the next breath the court gave to the jury the excerpt complained of in this court. The trial judge then instructed the jury that if they believed that the defendant, beyond a reasonable doubt, did commit the offense charged in the accusation, in the way and manner therein alleged, "the jury ought to convict him," but that if the jury did not, it would be the duty of the jury to acquit him.

The special grounds of the defendant's motion for a new trial show no error. We might add in further connection with this opinion that all who aid and abet in the commission of a crime such as here, are principals and the acts of one are the acts of all who participate in such offense. In this view it would not matter whether the rock or like substance thrown was thrown by the defendant or by some other person he was aiding and abetting. One would be as guilty as the other.

■ The defendant demurred generally to the accusation on the ground that it does not charge the defendant with any violation of the laws of Georgia or of the United States. This ground is without merit.

The defendant also demurred specially to said accusation for using the phrase "other hard objects of like kind." The accusation charged that the defendant committed this offense "by throwing rocks and other hard objects of like kind at said automobile" and "by hitting and striking said automobile with said rocks, and certain other hard objects of like kind." It is claimed that the use of the phrase "and other hard objects of like kind" is vague and indefinite and is not a sufficient averment as to how the alleged offense was committed to enable this de-

fendant to properly prepare his defense to the charge made therein.

The contention is made that had the accusation stated that the defendant threw rocks and "other objects unknown," it would have been sufficient but that where it indicated that the objects thrown were known and described the offense as the throwing at and striking of this automobile with rocks "and other hard objects of like kind," the defendant was not properly put upon notice, and that he had a right to know what the other hard objects were. We do not agree with able counsel for the defendant that this accusation was, for the above reason, insufficient and that the trial judge committed reversible error in failing to sustain the special demurrer to the accusation. The case of *Langston* v. *State*, 109 *Ga.* 153 (35 S. E. 166) is not like the case at bar and the ruling there made is not controlling here. It is true that the defendant was entitled to go to trial under an accusation reasonably perfect in form and substance. See *Harris* v. *State*, 37 *Ga. App.* 113 (138 S. E. 922). However, we are of the opinion that the accusation here was not so imperfect as to render the overruling of the special demurrer thereto for the use of the words "other hard objects of like kind," when referring to the rocks as having been thrown at and striking the said automobile of Byars, harmful and prejudicial to the defendant. No matter what the hard missile thrown at and against the car of Byars might have been, if it was wilfully and maliciously done, and if the same injured the automobile, the offense was committed. See *Brawner* v. *State*, 81 *Ga. App.* 163 (58 S. E. 2d, 238). We see no error in the court's having overruled this demurrer to the accusation.

■ The evidence supported the verdict finding the defendant guilty and, no error of law appearing, the trial judge properly overruled the defendant's motion for a new trial, as amended.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*