## 20635. BAILEY et al. v. WILLIAMS, Administrator, et al.

ARGUED SEPTEMBER 16, 1959—DECIDED OCTOBER 9, 1959.

*J. T. Sisk*, for plaintiffs in error.

*A. S. Skelton, Marshall L. Allison*, contra.

WYATT, Presiding Justice. 1. It is insisted by the plaintiffs in error that the deed should be canceled by virtue of Code § 37-710, which reads as follows: "Great inadequacy of consideration joined with great disparity of mental ability in contracting a bargain, may justify equity in setting aside a sale or other contract." It will be noted that, before it is applicable the Code section requires great inadequacy of consideration joined with great disparity of mental ability. It follows, therefore, that both must exist. The law is well settled in this State to the effect that, in construing a pleading as against a general demurrer, it will be construed most strongly against the pleader, and that the petition must allege the ultimate facts necessary to constitute a cause of action. See *Guardian Life Ins. Co. of America v. McMichael*, 74 *Ga. App.* 53 (38 S. E. 2d 689).

The law recognizes that there is "some disparity of mental ability between all persons who deal with each other," and "weakness of mind not amounting to imbecility is not sufficient mental incapacity to justify setting aside a deed." *Sheppard* v. *Broome*, 214 *Ga.* 659 (107 S. E. 2d 219), and cases there cited. It is likewise settled law that he who can read must read. In the instant case, there is no allegation of a confidential relationship, extreme age, mental weakness, or similar fact that would relieve the plaintiffs in error from ascertaining the facts alleged before the deed was signed. It is alleged that the facts upon which it is sought to have the deed canceled were not known until after the execution of the deed. It is difficult to understand why these facts could not have been discovered just as well before the execution of the deed as after. It is well-settled law that equity will grant no relief to one who by the exercise of ordinary diligence could have prevented the injury complained of. Equity requires diligence in the protection of one's own rights and equity favors the diligent and not those who sleep on their rights. See *Phillips* v. *Hayes*, 212 *Ga.* 148 (91 S. E. 2d 19), and cases there cited. Applying the above principles of law to the allegations of the petition in this case, the general demurrer was properly sustained as to the plaintiffs in error.

2. It is insisted that, because of the allegation to the effect that one of the grantors was a minor and that another did not sign the deed, the general demurrer should not have been sustained as to the other plaintiffs in error for the reason that, if these allegations should be sustained, the deed would be void as to all grantors. There is no merit in this contention. We know of no reason why the deed as to those who were acting under no disability, and who admittedly signed the deed, should not be binding and valid as to their interest in the land, and none has been called to our attention.

3. It is insisted that the deed to Thomas Irwin is not valid for the reason same was witnessed by W. Morgan Williams, who five days thereafter received from Thomas Irwin a deed to a one-half undivided interest in the property. There is no merit in this contention. In the first place, the fact that Wil-

liams at a later date was deeded an interest in the property would in no way disqualify him as a witness to the deed. In the next place, the deed, as between the parties, if otherwise valid, would not be invalid if it was not witnessed by anyone.

4. It follows, the judgment under review was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*