23016. WARREN et al. v. WARREN.

ARGUED JUNE 14, 1965—DECIDED JULY 8, 1965— REHEARING DENIED JULY 26, 1965.

*Paul J. Jones, Jr., Jones & Douglas, Eric L. Jones,* for plaintiffs in error.

*B. B. Hayes,* contra.

COOK, Justice. Milton Warren and others brought an action against Charlie Preston Warren to cancel a deed made to him by his mother, Mrs. Nancy Warren. It was alleged that the plaintiffs and the defendant are the sole heirs at law of Mrs. Nancy Warren, who died intestate on October 26, 1962. The deed is a warranty deed, executed on August 6, 1962, in which

a life estate was reserved in the grantor. The plaintiffs asserted that on the date the deed was executed the grantor did not have mental capacity to execute a deed, and that the defendant used undue influence and fraud in obtaining the deed from his mother. On the trial of the case the judge directed a verdict for the defendant, and the plaintiffs except to the verdict as directed on the ground that there were issues of fact which should have been submitted to a jury.

■ A careful study of the entire evidence shows no testimony which would have authorized a jury to find any fraud or undue influence by the defendant in the execution of the deed by the grantor to him. It is contended by the plaintiffs that there was evidence which would have authorized the jury to find that there was mental disparity between the grantor and the grantee and great inadequacy of consideration, and that the jury would have been authorized to set aside the deed on this ground. The consideration recited in the deed is five dollars and "the natural love and affection which she has for her son, Charlie Preston Warren." A deed from a mother to a son reciting a consideration of "love and affection" could not be set aside on the ground of inadequacy of consideration. *Dunn v. Evans,* 139 Ga. 741 (2) (78 SE 122); *Autry v. Parrish,* 164 Ga. 650, 654 (3) (139 SE 413).

■ The main question for consideration by this court is whether the evidence made an issue of fact on the question of mental incapacity of the grantor. Ordinarily mental capacity to make a deed is a question of fact to be determined by a jury. *Fuller v. Stone,* 207 Ga. 355 (1) (61 SE2d 467); *Jones v. Hogans,* 197 Ga. 404, 410 (4) (29 SE2d 568). However, where the evidence demands a finding that the grantor in a deed had sufficient mental capacity to execute it, this court will not reverse the judgment of a trial judge directing a verdict finding in favor of the validity of the deed. *Whitfield v. Pitts,* 205 Ga. 259 (53 SE2d 549).

"Weakness of mind not amounting to imbecility is not sufficient mental incapacity to justify setting a deed aside." *Sheppard v. Broome,* 214 Ga. 659 (3) (107 SE2d 219); *Bailey v. Williams,* 215 Ga. 395, 398 (110 SE2d 673). The main evidence

in the case on the question of mental capacity of the grantor was by the plaintiffs, who were the husband and children of the grantor. They testified to the effect that for some time before her death (at the age of 74) the grantor was forgetful and vague in her conversation; that she would forget that she had food cooking and would let it burn; that she would not know what change people gave her when she was transacting business with them; that she had been ill for a number of years and at times her bad health affected her mind.

Some of the witnesses testified to the legal conclusion that the grantor did not have sufficient mental capacity to make a deed on the date the deed was executed. The testimony of a non-expert witness on the ultimate legal conclusion as to whether the mental condition of a grantor precluded her from making a deed has no probative value. *Morgan v. Bell*, 189 Ga. 432, 439 (5 SE2d 897); *Scott v. Gibson*, 194 Ga. 503, 505 (22 SE2d 51); *Bowman v. Bowman*, 210 Ga. 259 (7) (78 SE2d 801). Lack of mental capacity to make a deed can not be shown by the testimony of nonexpert witnesses who give their opinion that the mind of the grantor was unsound, when the reasons given by them for their opinion disclose nothing to authorize the conclusion of lack of mental capacity. *Brumbelow v. Hopkins*, 197 Ga. 247 (2) (29 SE2d 42).

Omitting the mere conclusions of the witnesses that the grantor did not have mental capacity to make a deed, the evidence failed to show sufficient mental incapacity of the grantor to justify setting the deed aside. The evidence of the attorney who prepared the deed, and the secretary who typed the deed, amply authorized the conclusion that the grantor had sufficient mental capacity to make a deed at the time it was executed, and the trial judge did not err in directing a verdict for the defendant.

*Judgment affirmed. All the Justices concur.*