## FAMBROUGH *v.* DEVANE *et al.*

HILL, J. 1. W. G. DeVane and others filed an equitable petition in the court below, to reform a written contract for the sale of certain personal property to A. C. Fambrough, alleging that the latter sold back to the former certain property that he had formerly bought from him, and that by accident and mistake certain articles of the purchased property were omitted from the contract, etc. The court admitted, over objection, evidence tending to show that the original bill of sale was lost, and permitted a witness to testify as to the contents of the lost bill of sale. The plaintiffs obtained a verdict and judgment reforming the contract as prayed for. A motion for a new trial was overruled, and the defendant excepted. This is the third appearance of the case in this court. *DeVane* v. *Fambrough,* 133 *Ga.* 471 (66 S. E. 245); *Fambrough* v. *DeVane,* 138 *Ga.* 47 (74 S. E. 762). *Held,* that under the facts in the present case secondary evidence was admissible to show the contents of the bill of sale, and the court did not err in admitting it.

2. In view of the general charge of the court, which covered the issues of the case fully, it was not error to refuse to charge the following: "The court and jury may reform a contract, but before this should be done the evidence must be clear, unequivocal, and decisive as to the mistake. Before you will be authorized to find for the plaintiff, that is, to write the shingle-mill into the bill of sale, you must believe by a preponderance of the evidence that the plaintiff, W. G. DeVane, intended to have it put into the bill of sale, and the defendant, A. C. Fambrough, understood that the shingle-mill was bought by plaintiff, W. G. DeVane, and sold by A. C. Fambrough, and the mistake was mutual on the part of both parties to the contract at the time it was signed, to wit, June 27, 1907. If you believe it was the intention of the plaintiff to rescind the trade by attaching the property of the defendant, then you should find for the defendant."

3. Where evidence is offered, some of which is admissible and some not, objection to the evidence as a whole is not well taken. That which is inadmissible should be pointed out, and objection made to it separately.

*Ray* v. *Camp*, 110 *Ga.* 818 (36 S. E. 242); *Collins &c. R. Co.* v. *Ware*, 112 *Ga.* 663 (37 S. E. 975); *Branch* v. *Branch*, 139 *Ga.* 375 (77 S. E. 386).

4. Numerous grounds of the motion for a new trial are mere elaborations of the general grounds that the verdict is contrary to the evidence and the law, and require no specific ruling. The main issue in the case was whether the items of property alleged to have been omitted from the bill of sale were omitted by mutual mistake and accident, and this issue was fully and fairly submitted to the jury. The evidence authorized the verdict for the plaintiffs.

5. The other grounds of the motion are without substantial merit.

*Judgment affirmed. All the Justices concur.*

JUNE 11, 1914.

Equitable petition. Before Judge Thomas. Berrien superior court. June 14, 1913.

*Hendricks & Hendricks,* for plaintiff in error.

*W. D. Buie,* contra.