NORMAN *v.* McMILLAN *et al.*

FISH, C. J. 1. After filing at the appearance term, in an action of ejectment, pleas of not guilty, title by prescription, and bar of recovery of mesne profits for more than four years prior to the bringing of the suit, the court at the trial term allowed an amendment to the original pleas, a part of which was as follows: "This defendant admits that plaintiff is the holder of the legal title to the property sued for in this case; that there is a prima facie case in the plaintiff, and that the plaintiff would be entitled to recover the premises in dispute except for the fact that the equitable title to said property is in this defendant, and that the plaintiff by reason of the facts hereinafter set forth is, and in conscience and equity ought to be, estopped from attempting to assert his title to such lands, and from recovering the same in this action; which fact and matters of estoppel are affirmatively pleaded by this defendant; and in support of which she assumes the burden of proof and claims the right to open and conclude." *Held:*

(a) It was not error to allow this portion of the amendment over the following objection: "Because the defendant is not entitled to open and conclude without admitting that the title held by the plaintiff in an ejectment suit is the true title to the property in dispute, and that plaintiff is entitled to recover in said cause, without qualification or limitation."

(*b*) The material substance of the amendment being to the effect that the plaintiff, having an interest as remainderman in the land sued for, not only stood by and permitted the defendant to purchase the land in fee, paying therefor full value for the entire interest therein, without declaring his interest of which he then had knowledge, but aided in pointing out and describing the boundaries, and heard defendant's vendors' representations that their title was good, and that defendant in purchasing relied solely on such representations, having no notice of plaintiff's interest till long afterwards when the suit was brought; accordingly, the amendment was not subject to the following objection: " Because the amendment tendered by the defendant is insufficient as a matter of law and is no defense to the action of the plaintiff, after admitting a prima facie case in the plaintiff."

(*c*) An objection that " The defendant did not comply with the requirements of law in presenting said amendment in said ejectment," was too general and indefinite to present any question for decision.

2. " A fraud may be committed by acts as well as words; and one who silently stands by and permits another to purchase his property without disclosing his title is guilty of such a fraud as estops him from subsequently setting up such title against the purchaser." Civil Code (1910), § 4419. The provisions of this section, however, operate only in favor of a purchaser bona fide without notice. Where the estoppel sought to be set up relates to the title to real estate, the party claiming to have been influenced by the other's acts or declarations must have been ignorant, not only of the true title, but also of any convenient means of acquiring such knowledge. Where both parties have equal knowledge or equal means of obtaining the truth, there is no estoppel. Civil Code (1910), § 5737; *Stonecipher* v. *Kear*, 131 *Ga.* 688 (3), 692 (63 S. E 215), 127 Am. St. R. 248).

3. Where before trial and introduction of any evidence a defendant in ejectment files an amendment to his plea of the general issue, wherein he admits that the plaintiff has legal title to the land, and is prima facie entitled to recover, but sets up in avoidance thereof an equitable estoppel, which, if true, would prevent the plaintiff from asserting his legal title against the defendant, the latter is entitled to the opening and conclusion of the argument before the jury, although he has failed to specifically admit that the plaintiff is " entitled to recover mesne profits as shown by his petition." Civil Code (1910), § 5746. In *Broach* v. *Kelly*, 71 *Ga.* 698, it was held: " Where, in an action of complaint for land, the plaintiff relied on a deed from the defendant, and the latter pleaded that such deed was tainted with usury and void, having been given to secure a usurious debt, the defendant held the affirmative of the issue, and was entitled to open and conclude." The record on file in this court shows that mesne profits as well as the land were sought to be recovered. In *Widincamp* v. *Widincamp*, 135 *Ga.* 644 (70 S. E. 566), a complaint for land, the plaintiff relied on a warranty deed to him from defendant. Defendant admitted the execution of the deed, possession of the land, " and the value of the mesne profits as alleged in the petition," but set up the affirmative defense of such fraud by plaintiff in procuring the execution of the deed as would render it void. It was held that defendant, who, before the introduction of any evidence, assumed the burden of proof and claimed the right to open and conclude the ar-

gument, had such right. It was not there decided, however, that he was required to admit, in addition to the other admissions, the plaintiff's right to recover the mesne profits alleged, in order to be entitled to such right.

4. "To make an objection to evidence available in the reviewing court, it must appear that objection was made, and upon what grounds it was made, in the trial court." It is not sufficient that the evidence was admitted over objection; nor that certain reasons are stated in the motion for new trial why the evidence was not admissible. *Edenfield* v. *Brinson*, 149 *Ga.* 377 (4), 378 (100 S. E. 373); *Hardy* v. *Hardy*, 149 *Ga.* 371 (3), 374 (100 S. E. 101).

5. There was evidence to authorize the instructions complained of in the eighth and ninth grounds of the amended motion for a new trial; and the instruction referred to in the latter ground was not calculated to mislead the jury, because it was, as contended, contradictory to a former part of the instructions.

6. So far as it stated correct principles of law applicable to the case, the request to charge embodied in the tenth ground of the motion for a new trial was fully and specifically covered by the general charge, and the refusal to give the requested instruction furnished no ground for reversal.

7. Applying to the evidence the principles stated in the second headnote the verdict for the defendant was authorized; and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 2142. APRIL 12, 1921. REHEARING DENIED MAY 13, 1921.

Ejectment. Before Judge Thomas. Colquitt superior court. July 3, 1920.

*Dowling & Askew,* for plaintiff. *Hill & Gibson,* for defendant.