### Town of Rentz *v.* Roach.

Hill, J. 1. The petition set out a cause of action; and the court did not err in overruling the demurrer, and in refusing to dismiss the case.

2. " A nuisance is anything that worketh hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful does not keep it from being a nuisance." Civil Code (1910), § 4457.

3. A private nuisance is one limited in its injurious effect to one or a few individuals, which may injure either the person or property or both; and in either case a right of action accrues. Civil Code (1910), §§ 4454, 4456.

4. Where a person purchases land adjacent to a nuisance already created, and improves such property by erecting dwellings thereon and rents the same to tenants who are injured by reason of such nuisance, this will not prevent such person from making complaint and having such nuisance enjoined and abated, in a proper case made. *Savannah & Western*

*Ry. Co.* v. *Woodruff*, 86 *Ga.* 94 (3) (13 S. E. 156) ; *Ga. R. &c. Co.* v. *Maddox*, 116 *Ga.* 64, 78, 79 (42 S. E. 315) ; 16 Am. & Eng. Enc. Law (1st ed.), 934; People v. Detroit White Lead Works, 82 Mich. 471 (46 N. W. 735, 9 L. R. A. 722) ; 2 Wood on Nuisances, § 574; *Austin* v. *Augusta Terminal R. Co.*, 108 *Ga.* 671 (34 S. E. 852, 47 L. R. A. 755). See *Davis* v. *East Tenn. &c. Ry. Co.*, 87 *Ga.* 605 (13 S. E. 567).

5. A continuing nuisance gives a new cause of action for each day of its continued maintenance. *Butler* v. *Thomasville*, 74 *Ga.* 570; *Ga. Chemical & Mining Co.* v. *Colquitt*, 72 *Ga.* 172; Civil Code (1910), § 4459; *Mulligan* v. *Augusta*, 115 *Ga.* 337 (41 S. E. 604) ; *City of Atlanta* v. *Warnock*, 91 *Ga.* 210 (18 S. E. 135, 23 L. R. A. 301, 44 Am. St. R. 17). And in such a case, in order to avoid a multiplicity of suits, a court of equity will entertain jurisdiction to enjoin the nuisance and also to have it abated. *Mayor etc. of Waycross* v. *Houk*, 113 *Ga.* 963 (39 S. E. 577). In such a case the statutory provision as embraced in Civil Code (1910), §§ 5329, 5331, does not afford an adequate remedy at law; and equity, having assumed jurisdiction, will grant full relief.

6. The assignment of error on the rejection of certain evidence offered by the plaintiff in error in the shape of certain ordinances of the Town of Rentz is without merit.

7. Error is assigned upon the refusal of the court to allow counsel to ask the opinion of certain non-expert witnesses as to the effect of the ditch in question causing sickness of any sort, without giving the facts upon which the witnesses based their opinion. The court did not err in excluding this evidence.

8. The exception to the decree of the court as being a mandatory injunction, in that it ordered the abatement of the nuisance, is without merit under the facts of this case. *Goodrich* v. *Ga. R. &c. Co.*, 115 *Ga.* 340 (41 S. E. 659) ; *Hendricks* v. *Jackson*, 143 *Ga.* 106 (3) (84 S. E. 440).

9. The evidence authorized the verdict; and applying the principles ruled above to the facts of this case, the court did not err in rendering the decree complained of, and in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 3033. NOVEMBER 18, 1922.

Equitable petition. Before Judge Kent. Laurens superior court. December 31, 1922.

James Roach filed a petition for injunction and other relief against the Town of Rentz, alleging in substance as follows: He owns two adjacent parcels of land within the corporate limits of the town. The municipal authorities have maintained a sewer constructed of galvanized iron, running towards plaintiff's property until it reaches it, where the galvanized sewer ends. The contents and flow of the stream empty into a ditch which runs and travels the entire distance of plaintiff's property. At the beginning of the sewer near the center of the town is a low place upon which water is pooled during wet weather, and the water so

pooled is let off through the sewer; and garbage, trash, refuse, and filth of all kinds are swept and washed into the pool and sewer which empties into a ditch running through plaintiff's property. The sewer is completely covered until it reaches the point where plaintiff's property is located, and from that point on through his property the entire contents of the sewer flows through plaintiff's property in the ditch which is uncovered and unsupported. On plaintiff's two parcels of land are two residences which plaintiff owns and rents to white tenants, and the ditch runs between them, approaching within a distance of approximately ten feet of one and sixty feet of the other. The maintenance and operation of the sewer and ditch as above outlined is inflicting upon plaintiff's property irreparable damage, in that the family well on one of the residences is being polluted by water which seeps through from the ditch into the water of the well; the municipal authorities permitting trash and debris to accumulate in the ditch, thereby causing it to contain water almost at all times. There are emitted from the ditch "obnoxious gases, fumes, and odors," and the ditch maintained in its uncovered condition causes unsanitary conditions in the neighborhood and especially to plaintiff's property and the residents therein. Considerable sickness has prevailed on the part of the tenants residing in the residences, and the maintenance and conducting of the ditch by the municipal authorities not only endangers the health of the community and residents on plaintiff's property, but makes it less desirable as renting property, difficult to obtain its value for rent, and permanently injures the health of the residents therein, on account of the "malarial and other germs that are emitted from the ditch." Plaintiff has repeatedly requested the municipal authorities to abate the nuisance by sewering the open ditch or diverting the course of the sewer in another direction; but the authorities have obstinately refused to do either, although either one of these provisions could be made by the authorities easily and with practically no expense. After the authorities had repeatedly refused to abate the nuisance by sewering the ditch or by diverting the course of the sewage, plaintiff undertook to fill up the ditch on his own property; in order to protect himself and his tenants and his property from the incalculable injury to both health and property arising there-

from; but when he so attempted to remedy such private and public nuisance, the city authorities had him arrested, and charges were made against him, which are now pending awaiting trial in the mayor's court of the town.  The flow of the water and the emptying into the ditch from the mouth of the sewer of the filth, reeking with germs, into plaintiff's property is a continuous and daily recurring nuisance to him, his tenants, and his property; it endangers the life and health of the residents on the property, and is inflicting irreparable and incalculable damage to plaintiff's property, in that the flow of the water in the ditch, which is uncovered and unsupported, is constantly widening the ditch with a gradual encroachment upon plaintiff's property.  The ditch into which the sewer empties is wholly incapable of carrying off the vast quantity of sewage discharged into it, and as a result of the atmosphere of the neighborhood " is permeated with obnoxious gases, pestilential stenches, and poisonous vapors," which are dangerous to health and are causing and have caused sickness amongst plaintiff's tenants.  The prayers are: (*a*)  That the municipal authorities be enjoined from maintaining or operating or permitting to be operated the sewer which empties into the premises of plaintiff.  (*b*)  That they be enjoined from arresting or otherwise interfering with plaintiff in enclosing and filling up the ditch.  (*c*)  That they be enjoined from permitting sewage to empty into the ditch, and from permitting it to be conducted and washed through plaintiff's property so long as it is uncovered and exposed.  (*d*)  That they be enjoined from jeopardizing his liberty or interfering with him or trying him on said charge, until the further order of the court.  (*e*)  For general relief.

The defendant demurred on the following grounds: (1)  There is no equity in the bill, and no cause of action alleged.  (2)  It appears from the petition that the plaintiff has a complete and adequate remedy at law, by proceeding as the law directs for the abatement of nuisances within incorporated towns, and from the decision of the mayor and council, should it be against him, by certiorari to the superior court, and writ of error to the Supreme Court.  (3)  The plaintiff not alleging insolvency of the defendant, he has a complete and adequate remedy by suit for damages caused by maintaining the nuisance.  (4)  He makes

no allegation which takes his case out of the general rule that equity will not enjoin a criminal trial or prosecution. The demurrer was overruled, and the defendant excepted pendente lite. The defendant also answered, in brief, as follows: The ditch or sewer referred to has been in existence ever since the town had a charter from the State. Prior to the existence of the town, E. P. Rentz owned the land whereon the town is now situated; and he desired to sell lots, and he dug the ditch referred to, in order that he might be able to sell town lots. The ditch was in existence many years before the plaintiff purchased the property adjoining it, and at the time he purchased he well knew that the ditch running through it was under the control and operation of the town and was the property of the town. The town is a very small village of a few hundred people, and is located on very flat land; and if it were not for the ditch or open sewer, the water would pond in the town and endanger the health and lives of every inhabitant, and all the property of the town would be entirely worthless as business or residential lots, and irreparable damage would be done to the lives, health, and happiness and prosperity of every one in the town, and even the property of the plaintiff would be worthless to him. If the defendant should fill up the ditch or open sewer, or allow the same to be done, irreparable damage would be done to every citizen in the town, and the defendant would be liable in damages for allowing, causing, or permitting a nuisance. Defendant denies that the open sewer is a nuisance to the plaintiff, or that it injures him, his family, or his property; and avers that the only object or purpose the plaintiff has in permitting the open sewer to be filled up or sewered underground is that of cultivating a small portion of soil now occupied by the same. It is the duty of the town, under its charter and ordinances, to keep the sewers of the town open; and the ordinances provide that any person filling up or obstructing in any way any of the sewers of the town shall be guilty of violating the ordinances and punished as they prescribe; and when the plaintiff attempted to fill up the sewer, he was arrested and charged with violating the ordinances, and would probably have been given a fair and legal trial had the proceeding not been stopped by injunction.

The present case proceeded to trial, and the jury returned the

following verdict: "We the jury find for the plaintiff, that the nuisance be abated." Whereupon the court entered a decree permanently enjoining the mayor and alderman of the Town of Rentz "from maintaining or operating or permitting to be operated such sewer which empties into the premises of the plaintiff; and they are restrained and enjoined from permitting sewage to empty in said ditch on the plaintiff's premises, and from permitting said sewer to be conducted and washed through the plaintiff's property, so long as the same is uncovered and exposed. It is further ordered that the defendants be and they are hereby otherwise permanently enjoined in accordance with the prayers of said petition, except in so far as the criminal charge is concerned in the mayor's court of the Town of Rentz, Georgia." The defendant excepted to this decree, and to the refusal of a new trial.

*S. P. New* and *A. N. Silas,* for plaintiff in error.

*Adams & Camp,* contra.