## 26312. KUUSISTO v. WILKINS.

SUTTON, J. 1. " 'To make an objection to evidence available in the reviewing court, it must appear that objection was made, and upon what grounds it was made, in the trial court.' It is not sufficient that the evidence was admitted over objection; nor that certain reasons are stated in the motion for new trial why the evidence was not admissible. *Edenfield* v. *Brinson*, 149 *Ga.* 377 (4), 378 (100 S. E. 373); *Hardy* v. *Hardy*, 149 *Ga.* 371 (3), 374 (100 S. E. 101)." *Norman* v. *McMillan*, 151 *Ga.* 363 (4) (107 S. E. 325); *Central of Georgia Ry. Co.* v. *Anderson*, 43 *Ga. App.* 189, 190 (158 S. E. 333); *Brown* v. *Athens*, 47 *Ga. App.* 820 (171 S. E. 730). The motion for new trial does not show what objections were interposed, at the trial, to the introduction of the evidence complained of; and the special grounds of such motion can not here be considered.

2. This was a suit on an account for a balance of $1213.73. The plaintiff testified that the account was correct. He identified and testified as to the correctness of the ledger sheets, which were introduced in evidence, and also testified: "We sent out statements at the end of each month; no complaint or objection was ever made to the statements by Mrs. Kuusisto." (The account consisted of numerous items with

many credits, extending over a period from 1930 to 1936.) The defendant introduced no evidence. In one paragraph of her answer she specifically denied that $306.81 of the account was contracted by her, but was contracted by her deceased husband in his lifetime. The defendant was given credit for the $306.81, and the verdict rendered against her was for $906.90. The verdict was authorized by the evidence, and the court did not err in overruling the motion for new trial.

*Judgment affirmed.* *Stephens, P. J., and Felton, J., concur.*

DECIDED SEPTEMBER 10, 1937.

*William D. Turner,* for plaintiff in error. *Joe Thomas,* contra.

*Judgment affirmed.* *Stephens, P. J., and Sutton, J., concur.*