BRASWELL *et al. v.* PALMER *et al.*

No. 14131. SEPTEMBER 18, 1942.

*Orrin Roberts* and *J. M. Roberts,* for plaintiffs.

*J. C. Knox* and *A. M. Kelly,* for defendants.

JENKINS, Justice. 1. On this petition by the holder of a tax deed to land, against the former owner and others, to enjoin them from trespassing on the land, and for other relief, with a cross-action by the former owner alleging a trust agreement whereby, on reimbursement from rents and other payments to the holder of the tax deed, the former owner should retake the title, the evidence as to the existence of such an agreement was conflicting, but authorized a finding for the plaintiff owner under the tax deed.

2. " 'To make an objection to evidence available in the reviewing court, it must appear that objection was made, and upon what grounds it was made, in the trial court.' It is not sufficient that the evidence was admitted over objection; nor that certain reasons are stated in the motion for new trial why the evidence was not admissible." *Norman* v. *McMillan,* 151 *Ga.* 363 (4) (107 S. E. 325); *Heaton* v. *Hayes,* 188 *Ga.* 632 (4 S. E. 2d, 570), and cit.; *Luke* v. *State,* 183 *Ga.* 302 (188 S. E. 542), and cit.; *Kuusisto* v. *Wilkins,* 56 *Ga. App.* 405 (192 S. E. 639). The ground of exception, as irrelevant, to the admission of testimony that a witness had heard of a still being found on the land in question, and of one of the defendants being found at a still, presents no question for decision, since it does not appear what, if any, specific objection was made at the trial, and the reason assigned as to why the testimony should have been excluded appears only in the motion for new trial.

(*a*) There is an exception to similar testimony from one of the defendants, as irrelevant and hearsay, that in 1940 he was living on land rented from the defendant owner; that he had heard a still "away back had been caught down there some time," and had heard "it was caught back over there," but he "didn't go down there." The exception also covers additional testimony by this witness, that he did not know where the land line is, and whether the still was on the former owner's place or not; that it might be "between the [former owner's] land" and the land of another person; and that he did not know of any still "caught down there in 1940." As to the first quoted testimony, an objection to its ad-

mission was made at the trial, on the ground that it was "hearsay." As to the last-quoted testimony, included in the same exception, no specific objection at the trial appears. No specific objection being made at the trial to part of the evidence, and only a part being subject to the only specific objection made to the first-quoted portion as "hearsay," the exception to the entire testimony en bloc is without merit, under the settled rule that "where evidence is objected to in its entirety, some portion of which is admissible, such objection is not well taken, though some of the evidence may be inadmissible." *Johnson* v. *State,* 146 *Ga.* 190 (2) (91 S. E. 42) ; *Fambrough* v. *DeVane,* 141 *Ga.* 794 (3) (82 S. E. 249), and cit.; *Robertson* v. *Cox,* 183 *Ga.* 744 (4) (189 S. E. 844). Furthermore, the defendant (former owner) testified, without objection and without dispute, that a still had been caught about the line between land of another person and the land of this former owner, which was the land referred to by the witness whose testimony is attacked, and which was the land involved in this case, and on which the last-mentioned witness and the third defendant had lived. In view of the admission, without exception, of this substantially the same testimony as to the matter covered by the objectionable hearsay portion, the admission of such small portion of the entire testimony excepted to does not, under any view as to the sufficiency of the exception, show any cause for reversal.

3. There is no merit in the exception to a statement in the charge to the jury, that "there was a receiver appointed for the property," on the ground that this was "calculated to impress the jury with the fact that the court had passed" on the merits of the case, against the contentions of the defendants, "by appointing a receiver for the property." This is true, since a receiver is an officer of the court, who holds the property in litigation for all the parties at interest; since the order appointing a receiver was a part of the record of the case; and since the fact of such appointment was verified, in the presence of the jury at the time of this instruction, by counsel for the movants, in answering a question from the court.

4. There is no merit in the exception to the failure, without request, to charge that the jury, in passing on the question whether the tax deed was absolute or taken as security, might consider the fact of possession and the making of repairs by the defendant,

who was the former owner. The judge fully and fairly charged as to the pleadings and contentions of the defendants, and submitted to the jury, for a special finding, the controlling issue as to the existence of a trust based on the alleged agreement, between the defendant former owner and the plaintiff holder of the tax deed, that upon reimbursement to the latter the former should reacquire the title. The judge also charged the general law as to the alleged implied trust, where legal title is in one person and the beneficial interest is in another. If a fuller instruction was desired, it should have been requested.

5. After the jury had found in favor of the plaintiff, and against the defendant former owner on his cross-action seeking to establish the alleged reimbursement trust agreement, it was not error to direct a verdict for the plaintiff against the three defendants for the undisputed rental value of the land in one year of possession, on the only exception taken that "this was an entirely new and distinct cause of action brought in by amendment, and should not have been the basis of a directed verdict as against" the defendants other than the former owner. The verdict against these other defendants was proper, since all of the defendants had been in possession, and since, "the unlawful taking of land into possession being a tort, the plaintiff who recovers is usually entitled to hold not only the tenant in possession, but all others who have participated in putting him into possession, or who have aided and abetted him in his attempt to hold it, . . any or all of them liable at [the plaintiff's] election." Powell on Actions for Land, 545, § 413, and cit. The exception to the recovery because it was based on "an entirely new cause of action brought in by amendment" is without merit, since the amendment was allowed without objection or attack previously to the present attack, and this attack on the amendment, several terms after its allowance, was not proper subject-matter of a motion for new trial. *Life Association of America* v. *Ferrill*, 60 *Ga.* 414 (2); *Pettis* v. *Campbell*, 47 *Ga.* 596 (2); *Dyson* v. *Southern Ry. Co.*, 113 *Ga.* 327 (4) (38 S. E. 749); *Boyce* v. *Day*, 3 *Ga. App.* 275 (59 S. E. 930); *Domingos* v. *Dessau*, 34 *Ga. App.* 575 (130 S. E. 544).

6. " 'Objections which go to the judgment only, and do not extend to the verdict, can not properly be made grounds of a motion for new trial. . . No new trial is necessary to correct a

judgment or decree. If a judgment or decree is erroneous or illegal, direct exception should be taken to it at the proper time.' *Berry* v. *Clark*, 117 *Ga.* 964 (44 S. E. 824)." See *Smith* v. *Wood*, 189 *Ga.* 695 (2) (7 S. E. 2d, 255); *City of Atlanta* v. *Carroll*, 194 *Ga.* 172 (21 S. E. 2d, 86 (3), 87), and cit. Accordingly, the remaining grounds of the motion for new trial, excepting to the failure of the court, in the final decree, to construe the deed under which the former owner had held title with reference to the estate held by him and the sale of his interest, and in not properly protecting in the decree his rights under such deed with respect to his marriage and having issue, present no question that can be considered. *Judgment affirmed. All the Justices concur.*