## LANIER *v.* RICHMOND COUNTY.

40

No. 15994.   November 13, 1947.

*Fulcher & Fulcher,* for plaintiff in error.

*Franklin H. Pierce,* contra.

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) An amendment to the Constitution of 1877, proposed by an act of the General Assembly (Ga. L. 1937, p. 1135), and ratified by the people on June 8, 1937, provides as follows: "The General Assembly of the State shall have the authority to grant to the governing authorities of any city or county in this State having a population of 1000 or more, according to the Federal census of 1930 or any such future census, the authority to pass zoning and planning laws whereby such cities or counties may be zoned or districted for various uses and other or different uses prohibited therein, and to regulate the use for which said zones or districts may be set apart and to regulate the plans for development and improvement of real estate therein."

In pursuance of this constitutional amendment, the General Assembly passed an enabling act in 1939 (Ga. L. 1939, p. 245), which is applicable to Richmond County which, with a population of 72,990 according to the Federal census of 1930, of which this court takes judicial notice, meets the population test named in the act. The pertinent provisions of the act are as follows: Section 2 provides: "That said County Commissioners shall be, and are, hereby authorized to make all necessary rules and regulations in reference to the construction of any buildings, additions and repairs to old buildings, and in reference to chimneys, flues or heating apparatus, and provide a distance that any new building or addition to an old building shall be from any public highway within said limits." Section 4 provides: "That said Commissioners shall have the power to zone any territory within said limits outside of such incorporated village, town or city as to the territory in which any particular class of building or buildings shall be built, that is, as to residences, stores, filling stations, tourist cabins, manufacturing plants, places of business for the sale of beer or intoxicating liquors, and each and every other sort of building." It will be observed that, while the act of 1939 grants authority to adopt ordinances as to the construction of buildings and additions or repairs thereto and as to their location with respect to any public highway within the zoned area, and to determine the territory in the zoned area within which any particular class of building may be erected, it does not purport to grant authority to control the *use* to which any particular building may be devoted. It is clear, therefore, that, in so far as the ordinance seeks by section 1 to make it unlawful for any person to operate a grocery store and other named places of business within the zoned territory, it is ultra vires and invalid when tested by the act of 1939, supra.

It follows, therefore, that no right to injunctive relief is shown by the petition, and the court erred in overruling the defendant's ground of general demurrer that no cause of action was set forth against him. In this view it is unnecessary to determine whether or not, if the ordinance here involved was in full compliance with the act of 1939, supra, the county would be authorized to maintain the present action.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*