## McAFEE v. THE STATE.

HAWKINS, Justice. 1. The first ground of the amended motion complains of the following question by the solicitor-general: "Mr. Ellis, were you called to come out there the night Edgar McAfee was killed?" upon the ground that it was a conclusion of the solicitor-general, and invaded the province of the jury. This objection was sustained by the court's ruling: "Well, Mr. Baldwin, I think the question is objectionable; it is a conclusion," and no answer was given to the question thus objected to. For this reason this ground shows no error. The further complaint in this ground that the court erred in failing to instruct the jury to disregard the question or disabuse their minds of the statement, shows no error for the reason that no such request was made of the court by counsel for the defendant, and even had such request been made, refusal thereof would not have been erroneous, for there was no dispute that Edgar McAfee had been killed, the question in this case being whether he was killed by his own act or the acts of the defendants who were charged in the indictment with the offense of murder.

2. The second ground of the amended motion complaining because the court permitted the statement therein set out to be made by the

solicitor-general in the presence of the jury, over the objection of counsel for movant, but which fails to disclose the grounds of the objection urged before the trial court, presents no question for decision by this court. *Norman* v. *McMillan,* 151 *Ga.* 363 (4) (107 S. E. 325); *Braswell* v. *Palmer,* 194 *Ga.* 484, 486 (2) (22 S. E. 2d, 93).

3. "A ground of a motion for a new trial assigning error upon the admission of evidence will not be considered unless the evidence is sufficiently set forth for the question of its admissibility to be determined without reference to other parts of the record." *Pound* v. *Smith,* 146 *Ga.* 431 (5) (91 S. E. 405). Applying the foregoing principle to grounds three, five, and seven of the amended motion for a new trial, they present no question for decision by this court. See also *Pippin* v. *State,* 205 *Ga.* 316 (53 S. E. 2d, 482).

4. The admission of the testimony complained of in ground four of the amended motion with reference to a previous arrest of the joint defendant, Aubrey Logan, on complaint of the deceased, made in the presence of the defendant, that Aubrey Logan was trying to break into the house and kill him, was not, erroneous for any reason assigned. This testimony was admissible for consideration by the jury on the question as to whether Aubrey Logan, the person jointly indicted, had a motive for entering into a conspiracy with this defendant to kill the defendant's husband. *Catlin* v. *State,* 149 *Ga.* 184, 185 (4) (99 S. E. 619).

5. In this case the State contended that the defendant and Aubrey Logan had conspired to and did kill the defendant's husband. The sixth ground of the amended motion complains because the trial court admitted the following testimony: "We talked and I told her [referring to the defendant] I thought she was living with Mr. McAfee. She said she was, but she was going with Aubrey too," over the objection that this testimony "was designed to give bad character to movant when she had not offered her character in issue," and that it was irrelevant, immaterial, and not germane to the issue. Even if this ground be considered as sufficiently definite to raise any question for determination by this court, it shows no error for the reason that the evidence objected to was admissible for the purpose of showing motive on the part of the defendant, particularly in view of the further testimony of this same witness that the defendant, about two weeks before the date of the homicide, and during this same conversation, had shown the witness presents of clothing received by the defendant from Logan; her statement that she was going on that occasion to the Georgia Depot to meet Aubrey Logan, and when told by this witness that she ought to be ashamed of herself; that she should get a divorce from her husband, she said: "Maybe I will get rid of him after a while." *Fraser* v. *State,* 55 *Ga.* 325 (1, 5); *Strickland* v. *State,* 137 *Ga.* 115 (3) (72 S. E. 922); *Kennedy* v. *State,* 191 *Ga.* 22 (5) (11 S. E. 2d, 179).

6. A person jointly indicted with another for the crime of murder, even though the indictment charges the defendant with being an actual perpetrator of the crime as a principal in the first degree, may be convicted, not only upon evidence showing this, but upon evidence showing either that he was actually or constructively present, "aiding and abetting the act to be done," as a principal in the second degree, or that the defend-

ant had agreed or conspired with the other joint defendant to commit the homicide. *Adkins* v. *State,* 187 *Ga.* 519 (1 S. E. 2d, 420); *Beetles* v. *State,* 203 *Ga.* 627 (48 S. E. 2d, 94). And such a conspiracy may be proved by circumstantial as well as direct evidence. *Wortham* v. *State,* 184 *Ga.* 674, 680 (192 S. E. 720).

(*a*) Statements made by the defendant as a part of the res gestae, to the effect that the cause of her husband's death was self-inflicted wounds, could have been found by the jury to be the statements of a coconspirator made in an effort to conceal the crime and suppress evidence (*Coker* v. *State,* 199 *Ga.* 20, 33 S. E. 2d, 171), where the evidence in behalf of the State was to the effect that the defendant and Logan were present at the time the fatal wound was inflicted; that the wound found upon the throat of the deceased was from one to one and one-half inches deep, with four distinct slashes, and approximately five inches long, completely severing the jugular vein, and that it could not have been inflicted by the decedent with the safety-razor blade found between the thumb and forefinger of his right hand with no blood upon the razor blade or that hand, and when the evidence further discloses that the deceased was left-handed.

(*b*) The defendant introduced no evidence and made no statement to the jury. The evidence in behalf of the State was sufficient to authorize the verdict; and no error of law being shown, the trial court did not err in overruling the motion for a new trial. *Logan* v. *State,* 205 *Ga.* 242 (53 S. E. 2d, 491). *Judgment affirmed. All the Justices concur.*

No. 16708. JULY 12, 1949.

*Marion Ennis* and *Milton F. Gardner,* for plaintiff in error.

*Eugene Cook, Attorney-General, C. S. Baldwin, Jr., Solicitor-General,* and *Frank H. Edwards,* contra.