REED *v.* WHITE *et al.*

CANDLER, Justice. This is a suit brought in Cobb Superior Court by G. W. White and others against B. F. Reed Jr., doing business as Reed Building & Supply Company, to enjoin the latter from operating a lumber manufacturing plant alleged to be in violation of specified zoning laws and ordinances. A general demurrer interposed to the original petition was overruled, and certain special demurrers were also overruled, but other special demurrers were sustained. The defendant timely excepted pendente lite to the rulings adverse to him, and error is assigned thereon in the final bill of exceptions. Count two was added to the petition by an amendment, which also designated the original petition as count one. General and special demurrers filed to the petition as amended and to count two were overruled on all grounds. The defendant timely excepted pendente lite, and error is assigned thereon in his writ of error. Subject to the demurrers, the defendant filed answers to the original petition and to count two. After evidence was submitted in behalf of all parties, the trial judge, upon motion, directed a verdict in favor of the plaintiffs upon count two, and a decree was entered enjoining the defendant from operating any machinery for the manufacture or processing of lumber upon the premises. Thereupon, the plaintiffs dismissed count one of the petition. The defendant filed a motion for new trial on the general grounds, and

amended the same by adding several special grounds. To the judgment overruling said motion the defendant excepts to this court. *Held*:

1. The plaintiff in error makes a written motion for the Supreme Court, by mandate, to direct the court below "to pass an order vacating the permanent injunction as granted . . or, in the alternative, that this court ·pass a final judgment in said case decreeing the property zoned for business and manufacturing purposes"; and the movant bases his motion upon an attached copy of a zoning resolution passed by the Cobb County Planning Commission on October 3, 1950 (subsequently to the verdict and decree dated July 20 and 21, 1950, based upon a zoning status then appearing), purporting to rezone the same property "from its present zoning status to business and industry and manufacturing purposes." In response, the defendants in error show that the said zoning dated October 3, 1950, is pending on appeal to Cobb Superior Court and undecided. Under article 6, section 2, paragraph 4 of the Constitution of Georgia of 1945 (Code, Ann., § 2-3704), the Supreme Court is a court only for the correction of errors of law, as shown by the record, made prior to the writ of error. This court cannot, in the circumstances here presented, grant a motion of the kind sought. Therefore said motion is denied.

2. Property owners residing within a restricted area may properly apply for an injunction against the operation of a business therein in violation of zoning laws and ordinances. *Snow* v. *Johnston*, 197 *Ga.* 146 (1, 2) (28 S. E. 2d, 270); *Barton* v. *Hardin*, 204 *Ga.* 108 (4) (48 S. E. 2d, 882); *Graham* v. *Phinizy*, 204 *Ga.* 638 (2) (51 S. E. 2d, 451). Measured by the above principle, the averments of the original petition in the instant case, that rezoning from residence to business was granted upon defendant's representations at the hearing before the Cobb County Planning Commission that he would use the premises for dealing in finished building supplies only, and not for the manufacture or processing of lumber, to which latter purpose he actually put the property, were sufficient allegations to withstand the general demurrer, urged on the grounds that no cause of action was set out and no facts were stated which would authorize the grant of equitable relief. An appeal to the Board of Zoning Appeals of Cobb County was not an adequate remedy at law or available to the plaintiffs because of the pleaded conduct of the defendant in representing the restricted use to which he expected to put the property and in his waiting until after the time allowed for appeal before installing and using machinery to process lumber; and it was not error for the court to overrule the ground of demurrer contending that such right existed.

3. Count two of the petition alleges in more detail the contention that the permit for business, under the circumstances it was issued, does not authorize the defendant to operate a lumber-manufacturing plant using machinery; and, although nuisance allegations in the first count are not repeated, said count two is an amplification of the details and circumstances of the same transaction declared upon in the original petition and is sufficient to satisfy the rule of enough to amend by. Code, § 81-1302; *Ellison* v. *Georgia Railroad & Bkg. Co.*, 87 *Ga.* 691 (13 S. E. 809); *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (5) (48 S. E. 318); *Calhoun* v. *Edwards*, 202 *Ga.* 95 (1) (42 S. E. 2d, 426); *Cooper* v.

*Portner Brewing Co.,* 112 *Ga.* 894 (4) (38 S. E. 91); *Spence* v. *Erwin,* 200 *Ga.* 672 (38 S. E. 2d, 394); *Maxwell* v. *Harrison,* 8 *Ga.* 61 (2). There were enough of the essential averments of the original petition restated in count two to enable it to withstand the general demurrer urged on the same grounds discussed in the preceding division hereof, to say nothing of the amplification that made count two less subject to attack than the original petition. It was not error, therefore, for the trial judge to overrule said portions of the general demurrers interposed to the petition as amended and to count two.

*(a)* None of the special demurrers are meritorious, and there was no error in overruling any of them.

4. The act creating the Cobb County Planning Commission (Ga. L. 1943, p. 902-8) was amended by Ga. Laws 1949, p. 1499-1505, with a new paragraph reading as follows: "Section 11 (a): In addition to all other powers, said Commission is hereby authorized and empowered to make, adopt, promulgate, and from time to time, amend, extend and add to regulations effective in the limits of said county restricting height, number of stories, design and architecture, size and floor space, specifications and floor plan of buildings and other structures, and the use, conditions of use, or occupancy of land for trade, industry, residence, recreation, transportation, agriculture, or any other purposes; to provide for county planning; to provide for the regulation of subdivision of land; and to establish set-back lines for buildings and structures along the streets, lands, avenues and roads, including power and authority to divide the county into districts of such number, shape and area as may be deemed best suited to carry out the purposes of this act; and within such districts they may regulate and restrict the erection, construction, reconstruction, alteration, repair, or use of buildings and structures, and the use, conditions of use or occupancy of land; and in that case may adopt official zoning regulations including map or maps, indicating the districts, and the regulations in one district may differ from those in other districts." It is clear that the above quoted statute expressly grants authority to control the *use* to which buildings may be devoted, and for that reason is distinguishable from the act construed in *Lanier* v. *Richmond County,* 203 *Ga.* 39 (45 S. E. 2d, 415). The ground of demurrer challenging the lack of authority to control use was properly overruled.

5. The act creating the Cobb County Planning Commission and defining its powers (Ga. L. 1943, pp. 902-8) was amended by Ga. Laws 1949, pp. 1499-1505, with another provision as follows: "Section 11 (b): Be it further enacted that said Commission shall have the right to establish zones or districts in said county, and that said commission shall have the authority to zone or rezone any tract or parcel of land located in any zone or district so established by said Commission, by providing that any future application to rezone or zone any separate tract or parcel of land located in said zone or district, which has been established by said Commission, must be accompanied by a written petition signed personally by fifty-one per cent (51%) of the property owners located in said zone or district in which the tract or parcel of land sought to be zoned or rezoned, and as described in said application, is located, provided notice is given as herein provided in Section 4."

The above-quoted provision and section 11 (a), as set out in the preceding division, are attacked as depriving the defendant of his property without due process of law, in contravention of ·article 1, section 1, paragraph 3 (Code, Ann., § 2-103) of the Constitution of Georgia of 1945. Under the ruling in *Enzor* v. *Askew*, 191 *Ga.* 576 (13 S. E. 2d, 374), provisions of zoning statutes similar in principle to the above were held not to be violative of the "due process of law" clauses of the State and Federal Constitutions. Applying that ruling, the sections of the act attacked in the present case were not subject to the claimed infirmity.

6. In special ground 1 of the amended motion for new trial, it is contended that it was error to admit in evidence an order of the Cobb County Planning Commission, providing that "all of the area outside of the corporate limits of cities and towns in Cobb County be and it is hereby zoned to permit residences only, except as provided in section 3 of this ordinance," over the objection stated: "as being immaterial and irrelevant. It sheds no light upon this case, this being an ordinance of October 22nd, 1943, some seven years prior to this; and subsequent to that we are relying upon a rezoning of the piece of property from residence to business and the ordinance of 1943, we insist, would be irrelevant and immaterial and would shed no light upon the issues here." The zoning of the area over which the Cobb County Planning Commission had jurisdiction and in which the property in litigation was located was within the scope of the issues involved and the order or ordinance offered would certainly illustrate any question thereof. It is obvious, therefore, that this ground is without merit.

7. "To make an objection to evidence available in the reviewing court, it must appear that objection was made and upon what grounds it was made in the trial court. It is not sufficient . . that certain reasons are stated in the motion for new trial why the evidence was not admissible." *Norman* v. *McMillan*, 151 *Ga.* 363 (4) (107 S. E. 325); *Braswell* v. *Palmer*, 194 *Ga.* 484 (2) (22 S. E. 2d, 93). Under the foregoing authorities, and where, as appears in this case, the said order of the Cobb County Planning Commission, dated October 22, 1943, was admitted without certain objections being interposed, this is not sufficient —when those reasons are asserted only in the motion for new trial— for the court to review the same .

8. Error is claimed in another special ground because of the admission in evidence of a certified copy of the minutes of a meeting of the Cobb County Planning Commission of February 7, 1950, and reading: "The minutes of the previous meeting were read and approved on motion by Mr. Barnes, seconded by Dr. Lester. Attorney Harry Williams, representing the property owners at the Belmont Section, appeared before the Planning Commission to protest the building of a lumber manufacturing plant by Reed Building and Supply Company, since a permit was given to build a building to sell finished products only. The Commission assured Mr. Williams that no such plant could be put up without permission of the Cobb County Planning Commission." The objection made at the time the evidence was offered was, "for the reason there are other matters contained which are not pertinent to this case, and as being irrelevant and immaterial." There were no

other matters contained which would render the portion quoted inadmissible; and the objection that the same was irrelevant and immaterial is too general to warrant consideration of the ground in the appellate court. *Kirkland* v. *Ferris*, 145 *Ga.* 93 (4a) (88 S. E. 680); *Gordon* v. *Gilmore*, 141 *Ga.* 347 (2a) (80 S. E. 1007).

9. The remaining special grounds of the motion for new trial assign error because of the direction by the court of the verdict, and raise the question whether the verdict as directed was demanded by the evidence. Error in directing a verdict may be raised by direct exception or as a ground in a motion for new trial. *Webb* v. *Hicks*, 117 *Ga.* 335 (43 S. E. 738); *Jones* v. *Bank of Lula*, 135 *Ga.* 680 (1) (70 S. E. 640). The documentary evidence together with the testimony of numerous witnesses showed that the permit was issued for a building for building supplies, and to that restricted extent only was there a change in zoning from residence; but the defendant installed and used planers, rip-saws and other machinery, and the essentials of that evidence were not refuted by any witness or document offered. A verdict as directed for the plaintiffs was demanded by the evidence, and no error is shown for any reason assigned.

*Judgment affirmed. All the Justices concur.*

No. 17364. FEBRUARY 14, 1951.

*George D. Anderson, Vandiviere & Smith, H. C. Schroeder,* and *Raymond M. Reed,* for plaintiff in error.

*Harry E. Williams* and *Henderson & Burtz,* contra.