## 19572. ·MILLER et al. v. COLEMAN et al.

HAWKINS, Justice. S. M. Coleman and nine other citizens and residents on or near 39th Street East, in the City of Savannah, filed their petition for injunction against Henry B. Miller and his wife, Sarah Davis Miller, who owned their premises on the same street in close proximity to the plaintiffs' properties and residences. The petition alleged that the defendants were actively engaged in the business of breeding, boarding, and selling dogs on their premises; that from thirty to fifty dogs were being housed thereon, and were thereby maintaining a nuisance by reason of the noises made by the barking of the very large number of dogs at all hours of the day and night, and also by reason of the unsanitary conditions where the dogs were kept, causing objectionable odors to arise therefrom, all of which resulted in great damage to the plaintiffs' peace of mind, depreciated the value of their properties, and did other damage to the plaintiffs as set forth in their petition. The plaintiffs alleged that, by reason of the existence of these dogs on the defendants' premises, the defendants were conducting and maintaining a continuing private nuisance, which the plaintiffs asked the court to enjoin. In their answer the defendants denied generally all of the principal and material allegations of the petition, and specifically denied that they were maintaining any nuisance on their premises. On the trial the jury returned a verdict in favor of the plaintiffs, and to the judgment denying their motion for a new trial as amended the defendants excepted. The motion for a new trial contains fifteen special grounds, but in the oral argument and in the briefs filed by counsel for the defendants (now plaintiffs in error) special grounds 1 through 4, and the first portion of special ground 5, are expressly abandoned. *Held:*

1. In that part of special ground 5 of the amended motion for a new trial which is not expressly abandoned, the defendants except to the following excerpt from the charge: "if you should believe that the dog kennel as operated was a nuisance at the time the plaintiffs or any of them acquired their property or moved near the kennel, that plaintiffs would have the right to move near the kennel though they knew it to be a nuisance and could rely on the presumption that the nuisance, if it was a nuisance, would be abated and stopped, the law would not

require the plaintiffs to move away, but it would require the defendants to abate the nuisance if any existed." An excerpt from the charge of similar import is also assigned as error in special ground 6 of the motion; it being insisted in each ground that the excerpt complained of was not a correct statement of the law applicable to the case, and was inapplicable under the facts of the case because there was no contention by the defendants that the plaintiffs should move, and such statement was prejudicial to the defendants' case; that the charge was error and inapplicable to either a public or private nuisance. In *Central Railroad* v. *English,* 73 *Ga.* 366, this court held that, where a tenant rented certain land knowing that a railroad company maintained a nuisance thereon, the tenant had the right to use and occupy the property, and could presume that the railroad company would abate the nuisance; that the law did not require him to move away, but would require the company to abate such nuisance. In *Georgia R. & Bkg. Co.* v. *Maddox,* 116 *Ga.* 64, 79 (42 S. E. 315), this court pointed out that "the old rule, maintained by some authorities, that coming to a nuisance will prevent a person so coming from making any complaint, has long since been exploded." To the same effect, see *Savannah &c. R. Co.* v. *Woodruff,* 86 *Ga.* 94 (13 S. E. 156) ; *Town of Rentz* v. *Roach,* 154 *Ga.* 491 (115 S. E. 94) ; *Roughton* v. *Thiele Kaolin Co.,* 209 *Ga.* 577, 580 (74 S. E. 2d 844). The charges complained of are not erroneous for any reason assigned.

2. Special ground 7 of the motion for a new trial complains of the following excerpt from the charge: "In determining this question, you may look to all the evidence and see where the kennel was located, how it was operated, what noises if any were made, whether or not the plaintiffs were disturbed in their homes, whether disagreeable odors existed as alleged, whether the noises were such as to prevent the plaintiffs or any one of them from enjoying their rest and comfort at night or at other times, and, in fact, whether or not the operation of the kennel was such as to injure the health of the plaintiffs or any of them or depreciate the value of the property of the plaintiffs or any of them; and if you find, under the law the court has given you and will hereafter give you in charge, it was a nuisance, then you should so find. If you find that it was not a nuisance then you should so find," upon the grounds that it

was argumentative, confusing, and misleading, and unduly stressed the contentions of the plaintiffs. In special ground 11, it is alleged that the court erred in charging the jury: "Now, as to that petition the defendants have filed their answer, in which answer they deny all of the material allegations of the petition. In answer to the 16th paragraph of the petition, the defendants say that they are not maintaining any nuisance on their properties and for that reason they could not have refused to abate any alleged nuisance." It is insisted that this charge was error because too limited and meager in setting forth the defense of the defendants, and did not state which paragraphs of the petition the defendants denied, and was confusing to the jury in that the jury could not and did not know or would not be able to distinguish which allegations of the petition were material and which were not, and did not specifically set forth the contentions of the defendants. In special ground 12, it is insisted that the court erred throughout its charge in unduly stressing, emphasizing, and enumerating the contentions of the plaintiffs in great detail, and then failed to set out sufficiently the contentions of the defendants.

Paragraph 1 of the defendants' answer admitted the allegations of paragraphs 1, 2, and 3 of the petition; in paragraph 2 the allegations of paragraph 4 of the petition are denied; in paragraph 3 of the answer allegations of paragraph 5 of the petition are admitted with the exception of the allegation that the defendants have approximately thirty to fifty dogs housed on said property, which allegation is denied; in paragraph 4 the allegations of paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 of the petition are denied; and the 5th paragraph of the answer is as follows: "Answering the sixteenth paragraph of the petition, these defendants say that they are not maintaining any nuisance on their properties, and for that reason they could not have refused to abate any alleged nuisance. Each and every other allegation in said paragraph is specifically denied." It will thus be seen that the court in the charge complained of gave in substance the contentions of the defendants as set out in their answer. The language used by the court in its charge is almost identical with that used by counsel for the plaintiffs in error on page 2 of their original brief in stating the contentions of the defendants. While it is the right and duty of the presiding judge to state fairly and impartially to the jury the

contentions made by the parties litigant (*Jones* v. *Hogans,* 197 *Ga.* 404, 411, 29 S. E. 2d 568), the charge of the court should be confined to the issues made by the pleadings. *Martin* v. *Nichols,* 127 *Ga.* 705 (2) (56 S. E. 995); *York* v. *Stonecypher,* 181 *Ga.* 435 (182 S. E. 605). If, as here, the pleadings of the plaintiff are fuller than those of the defendant, the natural consequence is that the court may devote more time in stating the pleadings and contentions of the plaintiff as set forth in the petition than in stating those of the defendant as set forth in his answer. *Fite* v. *McEntyre,* 77 *Ga. App.* 585, 596 (49 S. E. 2d 159); *Scott* v. *Smalling,* 90 *Ga. App.* 292 (82 S. E. 2d 712). "The mere fact that the contentions of the plaintiff were stated at more length than those of the defendant did not indicate that undue stress was laid upon, or undue prominence given to, the former." *Phinizy* v. *Bush,* 135 *Ga.* 678 (3) (70 S. E. 243). The charges as given were not such as to confuse the jury, for they were elsewhere instructed that the pleadings would be out with the jury, and they would be at liberty to read them and study them to see what the contentions of the plaintiffs and the defendants are. By reference to the defendants' answer, the jury could easily determine which of the allegations of the petition were denied, and which were admitted. These grounds of the motion for a new trial show no reversible error.

3. Code § 72-101 provides: "A nuisance is anything that works hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance." In *Town of Rentz* v. *Roach,* 154 *Ga.* 491 (3), supra, it is held: "A private nuisance is one limited in its injurious effect to one or a few individuals, which may injure either the person or property or both; and in either case a right of action accrues." See also Code §§ 72-102, 72-104. In *Coker* v. *Birge,* 9 *Ga.* 425, 428 (54 Am. D. 347), this court held: "If one do an act, of itself lawful, which being done in a particular place, necessarily tends to the damage of another's property, it is a nuisance; for it is incumbent on him to find some other place to do that act where it will not be injurious or offensive. . . To constitute a nuisance, it is not necessary that the noxious trade or business should endanger the health of the neighborhood. It is sufficient if it produces that which is offensive to the senses, and which renders the enjoy-

ment of life and property uncomfortable." See also *Holman v. Athens Empire Laundry Co.,* 149 *Ga.* 345 (100 S. E. 207, 6 A. L. R. 1564); *Benton v. Pittard,* 197 *Ga.* 843 (31 S. E. 2d 6, 153 A. L. R. 968); *Poultryland Inc. v. Anderson,* 200 *Ga.* 549 (37 S. E. 2d 785). Special grounds 8 and 9 of the motion for a new trial—complaining of excerpts from the charge of the court embodying the foregoing principles of law upon the grounds that the charge was confusing and misleading, and was not a correct statement of law applicable to the case; that it was confusing to the jury in that the charge instructed the jury that certain conditions would give rise to a cause of action without defining what kind of cause of action, and because a person's property could be damaged by acts of another without the act being a nuisance—are without merit.

4. Ground 10 of the amended motion assigns error because the court, in charging the jury upon the contentions of the plaintiffs, used the words "the plaintiffs show" nine times preceding a statement of the allegations of the petition, instead of using the words "plaintiffs allege in their petition," and that such charge caused the jury to believe that the statements of the petition which followed the words "the plaintiffs show" constituted proof and evidence instead of mere allegations in the plaintiffs' petition. This ground is without merit. An examination of the petition reveals that the words "plaintiffs show" were used nine times in paragraphs 8 through 16, and it is clearly apparent from a reading of the charge that the trial judge was merely reading to the jury the contentions of the plaintiffs as shown by the allegations of the petition, and the trial judge specifically instructed the jury to remember "at all times that the statements in the petition and in the answer are not evidence."

5. Since no issue of estoppel was raised by the pleadings of the defendant, it was not error, as contended in special ground 13, for the court to exclude the testimony of the defendant Mrs. Miller as to what she had spent on improving the place since 1947.

6. Ground 14 of the motion for a new trial discloses that, during the trial of the case, counsel for the plaintiffs asked the defendant Mrs. Miller if she knew that her husband had boasted that he would spend his $30,000 inheritance to defend this case if necessary. Mrs. Miller denied that she had knowledge

of such statement. During his argument to the jury, counsel for the plaintiffs stated that Mr. Miller was a defendant in the case, and was in the courtroom, and had an opportunity to get on the stand and deny any inference from the question he had asked Mrs. Miller, but that he had chosen not to do so, and that the jury had the right to take that into consideration when they were considering the answer of Mrs. Miller. To this argument counsel for the defendants objected on the ground that there was nothing in the evidence to show that Mr. Miller had made the statement, which objection the trial court overruled. It is insisted, in this ground of the motion, that "The said argument to the jury was most prejudicial to the defendants' case, and was calculated to unduly and improperly influence the jury against the defendants, and it was error on the part of the court to overrule the objection of defendants' counsel." While Code § 81-1009 provides that, "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds"—in *Taylor* v. *State,* 121 *Ga.* 348, 354 (49 S. E. 303), it is pointed out that "What the law forbids is the introduction into a case, by way of argument, of facts not in the record and calculated to prejudice the accused." In *Patterson* v. *State,* 124 *Ga.* 408, 409 (52 S. E. 534), this court said: "Flights of oratory and false logic do not call for mistrials or rebuke. It is the introduction of facts not in evidence that requires the application of such remedies." In *Adkins* v. *Flagg,* 147 *Ga.* 136 (2a) (93 S. E. 92), it is held that "what has transpired in a case from its inception to its conclusion, and the conduct of the party or his counsel with respect to the case is the subject of legitimate comment." In *Owens* v. *State,* 120 *Ga.* 209 (3) (47 S. E. 545), it is held: "While counsel should not be permitted in argument to state facts which are not in evidence, it is permissible to draw deductions from the evidence; and the fact that the deductions may be illogical, unreasonable, or even absurd, is matter for reply by adverse counsel, and not for rebuke by the court." See also *Morgan* v. *State,* 124 *Ga.* 442 (1) (52 S. E. 748); *Georgia Power Co.* v. *Puckett,* 181 *Ga.* 386 (182 S. E. 384). This

ground of the motion fails to disclose that counsel made any statement of prejudicial matters which were not in evidence, but on the contrary, his statement was as to matters which had transpired in the case, which were proper subject matter for comment by counsel. It is, therefore, without merit.

7. Ground 15 of the motion for a new trial complains "Because the court permitted in evidence over the objection of counsel for the defendants tape recordings of the barking of the dogs in question, which were played off on a machine then and there in the courtroom before the court and jury." This ground is insufficient to raise any question for decision by this court. In *Norman* v. *McMillan,* 151 *Ga.* 363 (4) (107 S. E. 325), it is held that " 'To make an objection to evidence available in the reviewing court, it must appear that objection was made, and upon what grounds it was made, in the trial court.' It is not sufficient . . . that certain reasons are stated in the motion for new trial why the evidence was not admissible." See also *Ingram* v. *Little,* 14 *Ga.* 173, 184 (3) (58 Am. D. 549); *Pedigo* v. *Celanese Corp. of America,* 205 *Ga.* 392, 398 (2) (54 S. E. 2d 252); *Williams* v. *State,* 206 *Ga.* 499 (57 S. E. 2d 610); *Reed* v. *White,* 207 *Ga.* 623, 626 (7) (63 S. E. 2d 597); *Milligan* v. *Milligan,* 209 *Ga.* 743, 745 (76 S. E. 2d 18).

8. While the evidence was in conflict, there was ample evidence to authorize the verdict of the jury, and the trial judge did not err in denying the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Almand, J., who dissents from the ruling in the 6th division of the opinion and from the judgment of affirmance.*

ARGUED JANUARY 15, 1957—DECIDED MARCH 11, 1957—
REHEARING DENIED MARCH 25, 1957.

*Ralph L. Crawford, Shelby Myrick, Weir Walker, Myrick, Myrick & Richardson,* for plaintiffs in error.

*Frank S. Cheatham, Jr.,* contra.

ON MOTION FOR REHEARING.

In the motion for rehearing counsel for the plaintiffs in error state that this court "evidently overlooked or inadvertently misquoted the following language which counsel for the plaintiffs in the lower court used in the *final and concluding argument* to the

jury, to wit: 'The defendant, Henry Miller, made the statement that he would spend thirty thousand dollars to defeat this case and prevent these plaintiffs from stopping this nuisance.' In the amended motion for new trial the foregoing was the wording of the argument of counsel for the plaintiffs in the *concluding* argument to the jury."

Ground 14 of the amended motion for a new trial, which raises the question dealt with in division 6 of the opinion, is quoted below verbatim:

"Fourteenth: During the argument to the jury, Mr. Cheatham stated that he had asked Mrs. Miller if she knew that her husband had boasted that he would spend his $30,000 inheritance to defeat this case if necessary. Mrs. Miller denied that she had knowledge of such statement. Mr. Cheatham then stated to the jury that Mr. Miller was in the courtroom and was the defendant in the case and had had an opportunity to get on the stand and deny any inference from the question he had asked Mrs. Miller but that he had not chosen to do so and that as such the jury had a right to consider the fact that Mr. Miller did not make such denial. Mr. Myrick objected to this argument on the grounds that there was nothing in the evidence to show that Mr. Miller had made the statement. Mr. Cheatham said that Mrs. Miller had been asked the question about the $30,000 and Mr. Miller heard it and did not take the stand; therefore, the jury had a right to take that into consideration when they were considering the answer of Mrs. Miller. The court overruled Mr. Myrick's objection. The said argument to the jury was most prejudicial to the defendants' case, and was calculated to unduly and improperly influence the jury against the defendants, and it was error on the part of the court to overrule the objection of defendants' counsel then and there made at the time and during the course of the foregoing statement of the counsel for the plaintiffs to the jury."

No mention is made in this ground of the motion for a new trial that this was in the *"concluding argument to* the jury," nor can the following quoted sentence be found in this ground of the motion: "The defendant, Henry Miller, made the statement that he would spend thirty thousand dollars to defeat this case *and prevent these plaintiffs from stopping this nuisance."*

A comparison of division 6 of our opinion with ground 14 of the amended motion for a new trial will demonstrate that we neither "overlooked" nor "inadvertently misquoted" any language appearing therein, but that it is counsel for the plaintiffs in error who have "overlooked or inadvertently misquoted" the record. They are evidently relying upon their original brief, rather than upon the record, in making the assertions contained in the motion for a rehearing.

*Motion for rehearing denied.*